[603 NYS2d 90]

RICHARD BARDI, Appellant, v WARREN COUNTY SHERIFF'S DE-
PARTMENT et al., Respondents.

Third Department, October 28, 1993

**APPEARANCES OF COUNSEL**

*Richard Bardi,* Warrensburg, appellant *pro se.*

*Thomas M. Lawson, County Attorney* of Warren County, Lake George *(Sterling T. Goodspeed* of counsel), for respondents.

**OPINION OF THE COURT**

CREW III, J.

Plaintiff commenced this action against defendants alleging false arrest, abuse of process and trespass. Defendants are the Warren County Sheriff's Department, its Sheriff and two Deputies. Defendants moved to dismiss the complaint for failure to file a notice of claim or, in the alternative, that their answer be deemed timely. Plaintiff cross-moved for a default judgment. Supreme Court granted the motion to dismiss the complaint and this appeal by plaintiff followed.

 It is undisputed that plaintiff failed to serve a notice of claim and that, if he was required to serve such notice, the failure is fatal to his action (see, County Law § 52 [1]; General Municipal Law § 50-e [1] [a]). NY Constitution, article XIII, § 13 (former [a]) provided that a "county shall never be made responsible for the acts of the sheriff". Effective January 1, 1990, the Constitution was amended to delete that language. The issue herein is what effect, if any, that deletion has on the aforesaid notice requirements. Defendants contend that by reason of the amendment, the grant of immunity to a county with respect to its Sheriff and Deputy Sheriffs no longer exists and that a notice of claim was therefore required to be served. For the reasons that follow, we agree that a notice of claim was a condition precedent to this action against the Sheriff's Department and the Deputy Sheriffs, but not as to the Sheriff.

By statute, the State has waived its immunity from liability for the torts of its officers and employees (see, Court of Claims Act § 8) and a county, as a subdivision of the State, is likewise answerable for the torts of its officers and employees (see, *Holmes v County of Erie*, 266 App Div 220, *affd* 291 NY 798; see also, County Law § 53 [1]). It is beyond cavil that the Sheriff is a county officer (see, Public Officers Law § 2; *Matter of Winkler v Sheriff of Queens County*, 256 App Div 770) and but for the provisions of NY Constitution, article XIII, § 13 (former [a]), a county has unequivocally waived its immunity for the Sheriff's tortious acts, subject to the procedural requirements of General Municipal Law § 50-e. To that end, General Municipal Law § 50-e requires that service of a notice of claim is a condition precedent to the commencement of an action against a county and, inasmuch as the Sheriff's Department is a division of the county, a notice of claim is required to be filed as to the action against it. However, service of a notice of claim upon an officer, appointee or employee of a

county is not a condition precedent to the commencement of an action against such person unless the county is required to indemnify such person (see, General Municipal Law § 50-e [1] [b]). The Public Officers Law provides that a county shall indemnify its employees in the amount of any judgment obtained against them for claims which arise while the employee is acting within the scope of his or her employment, but excludes the Sheriff of the county as an employee entitled to such indemnification (see, Public Officers Law § 18 [1] [a], [b]; [4] [a]).

Thus, in this case the service of a notice of claim upon the county was a condition precedent to the action brought against the two Deputies, but not the Sheriff. We are not unmindful that the purpose of the amendment to NY Constitution, article XIII, § 13 (a) was to relieve Sheriffs of personal liability for their acts or omissions in discharging their official duties (see, Thoubboron v New York State Dept. of Civ. Serv., 175 AD2d 443, affd 79 NY2d 982) and, to be sure, the amendment may in certain circumstances have that effect. As previously noted, a county is now liable for the tortious acts of its Sheriff when sued therefor and, under such circumstances, the Sheriff is indeed relieved of personal liability. However, where, as here, the Sheriff alone is sued, he or she will continue to be subject to personal liability absent amendment of Public Officers Law § 18 (1) (b) so as to provide for indemnification of the Sheriff by the county.

■ As to the complaint against the Sheriff, it is clear that as head of the Sheriff's Department he cannot be held personally liable for the acts or omissions of his Deputies (see, County Law § 54). However, he is not relieved of liability for his own acts or omissions and plaintiff's complaint, insofar as it alleges a cause of action against the Sheriff for his failure to properly train and instruct his Deputies, is legally sufficient (see, County Law § 54; Barr v County of Albany, 50 NY2d 247, 257).

■ We are also of the view that defendants' alternative request, that the answer be deemed timely, should have been granted. The delay in service of the answer was relatively brief, attributable in part at least to defendants' belief that an extension had been granted, and there is no evidence that plaintiff was prejudiced by the delay in the answer, nor is there evidence of willful inaction by defendants (see, Better v Town of Schodack, 169 AD2d 965). Defendants' moving papers, which included the verified answer, demonstrated a meritorious defense (cf., Klenk v Kent, 103 AD2d 1002) and

where, as here, the delay was of a reasonably short duration, an affidavit of merit was not required *(see, Better v Town of Schodack, supra; Ching v Ching,* 125 AD2d 934).

YESAWICH JR., J. P., MERCURE, WHITE and CASEY, JJ., concur.

Ordered that the order and amended order are modified, on the law, without costs, by reversing so much thereof as granted defendants' motion to dismiss the complaint against Sheriff Fred Lamy; motion denied to that extent but granted to the extent that plaintiff is compelled to accept Lamy's answer; and, as so modified, affirmed.