*410 OPINION OF THE COURT
James B. Canfield, J.
Defendants Kevin Earl, Thomas Kachadurian, Nancy Noonan, Dr. Michael J. Johnson, Josephine Moccia, and Louis Cioffi (individual defendants) move and cross-move pursuant to CPLR 3211 (a) (2) and (8) for an order dismissing the plaintiffs’ actions against them based on plaintiffs’ alleged failure to comply with the requirements of Education Law § 3813 and General Municipal Law § 50-e by failing to present a notice of claim naming the movants within 90 days of the September 7, 2001 student-on-student hazing incident on which the plaintiffs base their claim. Defendant Thomas Kachadurian (Kachadurian) also moves for dismissal based on plaintiffs’ failure to serve him within 120 days after the action was filed.
Plaintiffs do not allege any of the individual defendants acted outside of their scope of employment so as to obviate the need to file a notice of claim or state a viable cause of action against any of the individual defendants in their individual capacity (Gorgone v Capozzi, 238 AD2d 308, 310 [1997]). Thus, the individual defendants’ motions depend on whether a notice of claim directed to the “Board of Education of the Averill Park Central School District” meets the Education Law § 3813 and General Municipal Law § 50-e notice requirements for an action subsequently commenced against unnamed individual defendants employed by that entity. The court finds no merit to plaintiffs’ argument that they may file a notice of claim naming a municipal entity and then commence an action against a roster of individual municipal employees (Matter of Rattner v Planning Commn. of Vil. of Pleasantville, 156 AD2d 521, 526 [1989]; Matter of Simmons v Board of Educ., Union Free School Dist. No. 17, Franklin Sq., 169 AD2d 727 [1991]).
In rejecting plaintiffs’ argument, the court has considered the two cases cited by plaintiffs, Lieber v Village of Spring Val. (40 F Supp 2d 525 [1999]) and Delgado v Connolly (246 AD2d 484 [1998]), but finds the first unpersuasive and the second inapposite. The Delgado decision does not support plaintiffs’ argument that General Municipal Law § 50-e (1) (b) eliminates the need to name the individuals against whom the notice of claim is directed. The Delgado Court was instead addressing the part of the statute which specifically eliminates the need to serve the notice of claim on the individuals.
Contrary to the Lieber court’s holding, General Municipal Law § 50-e clearly does not dispense with claimants’ naming *411 the objects of their notice of claim, including the individuals against whom they intend to commence a cause of action. It is fundamental that a court, in interpreting statutes, should attempt to effectuate the Legislature’s intent (Matter of Majewski v Broadalbin-Perth Cent. School Dist., 91 NY2d 577, 583 [1998]; Patrolmen’s Benevolent Assn. v City of New York, 41 NY2d 205, 208 [1976]; McKinney’s Cons Laws of NY, Book 1, Statutes § 92, at 176-177). In construing statutes, the starting point is the statutory text, the clearest indicator of legislative intent, and determining whether there is a “plain meaning.” (Matter of Majewski v Broadalbin-Perth Cent. School Dist., supra at 583; Statutes § 92, at 182.)
Education Law § 3813 and General Municipal Law § 50-e lend no support to plaintiffs’ conclusion that they only needed to name the municipality in their notice of claim before commencing a cause of action naming individual municipal employees in their official and individual capacities. Education Law § 3813 sets forth that plaintiffs may not prosecute an action against any employees, teachers, or members of the supervisory or administrative staff unless plaintiffs complied with General Municipal Law § 50-e. General Municipal Law § 50-e makes no provision for directing the notice of claim at one entity and then prosecuting an action against another. It certainly does not authorize actions against individuals who have not been individually named in a notice of claim. As noted previously, the only relaxation which the statute provides is providing that claimants’ failure to serve their notices of claim on the individuals who will be later sued does not preclude the later action (General Municipal Law § 50-e [1] [b]). Thus, the court must reject the Lieber court’s interpretation of General Municipal Law § 50-e.
Plaintiffs’ interpretation is also inconsistent with the notice of claim’s acknowledged purpose of affording the public corporation the opportunity to not only locate the defect, conduct a proper investigation, but also to assess the merits of the claim (Carhart v Village of Hamilton, 190 AD2d 973, 974 [1993]). The sufficiency of a notice of claim to a municipality under New York statute is judged by whether it includes enough information to enable the municipality to adequately investigate the claim. Thus, it is well established that a theory of liability not mentioned in the notice of claim generally may not be asserted in a subsequent lawsuit (Bryant v City of New York, 188 AD2d 445, 446 [1992]; Demorcy v City of New York, 137 AD2d 650, 650-651 [1988]). Where the notice of claim fails to *412 complain about the action or inaction of a particular employee and/or fails to set forth a theory for imposing individual liability on that employee, the municipality has no basis for investigating whether or not the claimant has a valid claim against that employee. Thus, permitting plaintiffs to prosecute causes of action against individuals who were not named in their notice of claim is contrary both to the letter and the purpose of the statute.
Careful examination of plaintiffs’ notice of claim reveals not only that they failed to direct their claim to any of the individual defendants or otherwise notify them that they were the intended objects of the impending litigation, but they also failed to make specific allegations of wrongdoing against all but one of the individual defendants. The notice of claim only gives notice that plaintiffs would be asserting their claims against the Board of Education of the Averill Park Central School District. In the case of Katchadurian, whom they do refer to specifically, they make it clear that their notice of claim is directed at the Board of Education of the Averill Park Central School District. As plaintiffs gave no notice to the Board of Education of the Averill Park Central School District that it should look into claims against those individuals, plaintiffs may not prosecute their action against those individuals.
Plaintiffs also argue that they should be permitted to prosecute their action against the individual defendants because “[djuring the school district’s thorough investigation, which continued for months and consisted of numerous witness interviews, the school district learned of the negligence of its employees and hence none of those employees who are named as defendants in this action can claim that they would be prejudiced by not receiving a notice of claim against them within 90 days of the accrual of the plaintiffs’ claim * * In similar fashion, they suggest that the fact that the school district will indemnify the individual defendants is a basis for ignoring the notice requirements. Both arguments misconstrue Education Law § 3813 and General Municipal Law § 50-e. The school district’s efforts to investigate the plaintiffs’ claims cannot serve as a substitute for compliance with Education Law § 3813 and General Municipal Law § 50-e. Similarly, the fact that the individuals’ liability would be covered by the school district cannot supplement an inadequate notice of claim.
In the alternative, plaintiffs request that they be allowed to file a late notice of claim pursuant to General Municipal Law § 50-e. Plaintiffs’ application is untimely (Education Law § 3813 *413 [2-a]). Even if plaintiffs’ application were not untimely, the decision to permit late filing of a notice of claim is a discretionary one involving the balancing of a number of factors (Cohen v Pearl Riv. Union Free School Dist., 51 NY2d 256, 265 n 5 [1980]; Hunt v County of Madison, 261 AD2d 695 [1999]; Matter of Harwood v County of Albany, 257 AD2d 747, 748 [1999]). Among the factors to be considered by the court in its discretionary determination are whether the claimant has presented a reasonable excuse for the delay (Matter of Harwood v County of Albany, 257 AD2d 747, 748 [1999]; Matter of Rekemeyer v Cerone, 232 AD2d 833 [1996]).
It is noteworthy that plaintiffs provide no excuse for their failure to include the individual defendants in their notice of claim or explanation of why they need to proceed against the individual defendants in addition to the defendants school district and board of education. As noted previously there are no allegations that the individual defendants acted outside of the scope of their employment or any other basis for concluding that plaintiffs will be kept from prosecuting their case fully against just the school district and board of education. There being no reasonable explanation or excuse for either the plaintiffs’ failure to name the individual defendants in their notice of claim or their subsequently expanding the defendants by naming school district and board of education officials the court would deny counsel’s informal request that his affidavit be accepted as a motion for leave to file a late claim.
Accordingly, it is unnecessary to pass on Katchadurian’s argument that he was not served and the individual defendants’ motions to dismiss the action against them are granted with $100 costs on each motion and the caption is amended by deleting all of the individual defendants.