■ METROPOLITAN SWITCH BOARD COMPANY, INC., Doing Business as METROPOLITAN ELECTRIC MANUFACTURING COMPANY, Appellant, v AMICI ASSOCIATES, INCORPORATED et al., Defendants, and JOHN SIRACUSA et al., Respondents. [799 NYS2d 531]—

In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Price, J.), dated April 9, 2004, as, upon renewal, granted that branch of the motion of the defendants Amici Associates, Incorporated, John Siracusa, and Anthony Restivo which was for summary judgment dismissing the first, second, and fourth causes of action insofar as asserted against John Siracusa and Anthony Restivo.

Ordered that the order is affirmed insofar as appealed from, with costs.

"[A]n individual who signs a corporate contract and indicates the name of the corporation and the nature of his representative capacity on the contract is generally not subject to personal liability" (*Matter of Gifford,* 144 AD2d 742, 744 [1988]; *see Gordon v Teramo & Co.,* 308 AD2d 432, 433 [2003]; *Gottehrer v Viet-Hoa Co.,* 170 AD2d 648 [1991]; *Gold v Royal Cigar Co.,* 105 AD2d 831, 832 [1984]). Here, the respondents established their prima facie entitlement to judgment as a matter of law by showing that they executed the subject agreement solely in their capacities as corporate officers, and without any intent to become personally liable to perform thereunder. Moreover, the

agreement itself clearly stated that it was entered into between the plaintiff and Amici Associates. The plaintiff, in opposition, failed to raise a triable issue of fact (*see Gordon v Teramo & Co., supra* at 433; *Gottehrer v Viet-Hoa Co., supra*).

The plaintiff's remaining contentions are without merit. S. Miller, J.P., Krausman, Fisher and Lifson, JJ., concur.