■ HOWARD TANNENBAUM, Appellant, v CITY OF NEW YORK et al., Respondents, et al., Defendants. HOWARD TANNENBAUM, Ap-

pellant, v City of New York et al., Respondents, et al., Defendants. [819 NYS2d 4]—

Order, Supreme Court, Bronx County (Albert Lorenzo, J.), entered September 1, 2004, which, upon plaintiff's motion for reargument, adhered to that part of an order, same court and Justice, entered on or about January 7, 2003, which had granted defendants' cross motion to dismiss all claims against defendants Bonavoglia and Ortolano for failure to name them in the notice of claim, denied plaintiff's request to depose nonparty Judge Adler, and dismissed state law claims against defendants Johnson and Thomas based on immunity, but modified the earlier order to provide plaintiff an inquest and assessment of damages as to the Jones defendants who had defaulted in the second of these consolidated actions, unanimously modified, on the law, the federal civil rights claims against defendants Bonavoglia and Ortolano reinstated, without prejudice to renewal of the motion to dismiss upon completion of discovery, and otherwise affirmed, without costs.

General Municipal Law § 50-e makes unauthorized an action against individuals who have not been named in a notice of claim (*see White v Averill Park Cent. School Dist.*, 195 Misc 2d 409, 411 [2003]), thus warranting dismissal of the state claims against Bonavoglia and Ortolano (*see Matter of Rattner v Planning Commn. of Vil. of Pleasantville*, 156 AD2d 521, 526 [1989], *lv dismissed* 75 NY2d 897 [1990]). However, as the notice requirements of this statute apply only to tort and negligence actions and not to civil rights actions, the court erred in dismissing the claims alleging federal civil rights violations against said parties (*see Felder v Casey*, 487 US 131 [1988]). Such claims should be reinstated without prejudice to renewing the dismissal motion after discovery.

District attorneys are entitled to immunity from civil claims arising out of their performance of quasi-judicial functions in prosecuting crimes (*see Moore v Dormin*, 252 AD2d 421 [1998], *lv denied* 92 NY2d 816 [1998]). The court thus properly dismissed the claims against defendants Johnson and Thomas that were not based on alleged violations of federal law.

The court properly exercised its discretion in denying the request to depose nonparty Judge Adler, since plaintiff failed to show special circumstances or that the information sought was

relevant and could not be obtained from other sources (*see* CPLR 3101 [a] [4]; *Dioguardi v St. John's Riverside Hosp.*, 144 AD2d 333 [1988]). Nor did the court improvidently exercise its discretion in denying plaintiff's request for audiotaping deposition testimony as a note-taking device in addition to the presence of a stenographer, as there was no showing of necessity (*see Jones v Maples*, 257 AD2d 53 [1999]). This would affect the deponent's right to examine the deposition transcript for the purpose of making corrections (*see* CPLR 3116 [a]).

We have considered plaintiff's remaining arguments and find them without merit. Concur—Tom, J.P., Mazzarelli, Marlow, Nardelli and Sweeny, JJ.