PAUL B. NOEL et al., Appellants, v L & M HOLDING CORP., Formerly Known as BLOCK 3730 CORP., et al., Respondents. [826 NYS2d 690]—

In an action, inter alia, to recover damages for breach of contract, the plaintiffs appeal, as limited by their brief, from so

much of an order of the Supreme Court, Richmond County (Giacobbe, J.), dated August 2005, as granted the motion of the defendant Thomas Gennarelli for summary judgment dismissing the complaint and denied the plaintiffs' cross motion for leave to amend their summons and complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiffs entered into a contract with Block 3730 Corp. for the purchase of a newly-constructed single-family home. Shortly after the plaintiffs took possession, the home experienced water damage as the result of an allegedly defective sewer system. The plaintiffs commenced this action against the corporate defendant, L & M Holding Corp., formerly known as Block 3730 Corp. (hereinafter Block 3730), as well as its president, Thomas Gennarelli, in his individual capacity.

The Supreme Court properly granted Gennarelli's motion for summary judgment dismissing the complaint insofar as asserted against him as there was no evidence to support a finding that Gennarelli intended to be personally bound by the contract of sale between Block 3730 and the plaintiffs (see *Salzman Sign Co. v Beck*, 10 NY2d 63, 67 [1961]; *Weinreb v Stinchfield*, 19 AD3d 482, 483 [2005]; *Kopec v Hempstead Gardens*, 264 AD2d 714, 715 [1999]).

The plaintiffs' opposition to the summary judgment motion was supported only by their attorney's affirmation, based upon information and belief, and a photocopy of their proposed amended pleadings, verified by their attorney. It lacked any probative value and was insufficient to defeat Gennarelli's prima facie showing of entitlement to judgment as a matter of law (see *S.J. Capelin Assoc. v Globe Mfg. Corp.*, 34 NY2d 338, 342 [1974]; *Blumenfeld v DeLuca*, 24 AD3d 405 [2005]; *Ramnarine v Memorial Ctr. for Cancer & Allied Diseases*, 281 AD2d 218 [2001]).

The plaintiffs' remaining contentions are without merit. Miller, J.P., Krausman, Fisher and Dillon, JJ., concur.