■ EMMELYN LOGAN-BALDWIN et al., Appellants, v L.S.M. GENERAL CONTRACTORS, INC., et al., Respondents, et al., Defendants. [851 NYS2d 327]—

Appeal from an order of the Supreme Court, Monroe County (Kenneth R. Fisher, J.), entered December 27, 2006 in a breach of contract and fraud action. The order granted the cross motion of defendant Bart Noto, individually and as president of L.S.M. General Contractors, Inc., for summary judgment dismissing the complaint against him individually and dismissing the second through seventh causes of action against defendant L.S.M. General Contractors, Inc.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action to recover damages arising from the replacement of their roof by a subcontractor hired by defendant L.S.M. General Contractors, Inc. (L.S.M.). Bart Noto (defendant), who was sued individually and as president of L.S.M., cross-moved for summary judgment dismissing the entire complaint against him individually, and for summary judgment dismissing the second through seventh causes of action against L.S.M. Supreme Court properly granted the cross motion.

Defendant met his initial burden with respect to the first cause of action, for breach of contract, by establishing as a matter of law that he executed the contract with plaintiffs in his capacity as president of L.S.M. and that he did not intend to assume any personal liability pursuant to that contract (see Noel v L & M Holding Corp., 35 AD3d 681 [2006]; Metropolitan Switch Bd. Co., Inc. v Amici Assoc., Inc., 20 AD3d 455, 455-456 [2005]; Gottehrer v Viet-Hoa Co., 170 AD2d 648 [1991]). Although plaintiffs contend that they are entitled to pierce the corporate veil in order to hold defendant individually liable for the allegedly substandard work of the subcontractor hired by L.S.M., we reject that contention. Plaintiffs failed to raise an issue of fact

whether defendant controlled L.S.M. and if so whether, "through [his] domination, [he] abused the privilege of doing business in the corporate form to perpetrate a wrong or injustice against [those parties]" (*Matter of Morris v New York State Dept. of Taxation & Fin.*, 82 NY2d 135, 142 [1993]; *see Millennium Constr., LLC v Loupolover*, 44 AD3d 1016 [2007]).

Contrary to plaintiffs' further contention, the court properly granted those parts of the cross motion seeking summary judgment dismissing the remaining causes of action, for fraud, against both defendant and L.S.M. "It is well established that a separate cause of action for fraud is not stated where, as here, the alleged fraud relates to the breach of contract" (*LaBarte v Seneca Resources Corp.*, 285 AD2d 974, 976 [2001]; *see also Clement v Delaney Realty Corp.*, 45 AD3d 519, 521 [2007]; *Carle Place Union Free School Dist. v Bat-Jac Constr., Inc.*, 28 AD3d 596, 598-599 [2006]).

Finally, we reject plaintiffs' contention that the court acted prematurely in determining the cross motion inasmuch as plaintiffs failed to demonstrate that "facts essential to justify opposition may exist but cannot then be stated" (CPLR 3212 [f]; *see Global Mins. & Metals Corp. v Holme*, 35 AD3d 93, 102-103 [2006], *lv denied* 8 NY3d 804 [2007]). In any event, we note that the court expressly stated that it was granting that part of defendant's cross motion with respect to the first cause of action "without prejudice to plaintiffs to pursue a piercing the corporate veil theory after discovery." Present—Scudder, P.J., Centra, Fahey and Green, JJ.