■ CONRAD F. CROPSEY, Appellant, v COUNTY OF ORLEANS INDUSTRIAL DEVELOPMENT AGENCY, Doing Business as ORLEANS ECONOMIC DEVELOPMENT AGENCY, et al., Respondents. [886 NYS2d 290]—

Appeal from an order of the Supreme Court, Orleans County (James H. Dillon, J.), entered June 19, 2008 in a breach of contract action. The order granted defendants' motion to dismiss certain causes of action against defendant County of Orleans Industrial Development Agency, doing business as Orleans Economic Development Agency, and the complaint against defendant Kenneth DeRoller.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action alleging that defendant County of Orleans Industrial Development Agency, doing business as Orleans Economic Development Agency (COIDA), breached its contract with plaintiff by failing to pay for legal services rendered by plaintiff. Plaintiff also asserted, inter alia, a cause of action against COIDA for libel based on allegedly false statements concerning plaintiff that were included in a resolution of COIDA's executive board, as well as causes of action against COIDA and defendant Kenneth DeRoller, a member of COIDA, for fraud. Contrary to plaintiff's contention, Supreme Court properly granted defendants' motion pursuant to CPLR 3211 (a) (5) and (7) seeking to dismiss 15 causes of action against COIDA and the complaint in its entirety against DeRoller. Thus, the only remaining causes of action are those

asserted against COIDA, based on theories of breach of contract and quantum meruit.

We agree with defendants that the cause of action for libel, asserted only against COIDA, and the causes of action for fraud, asserted against both COIDA and DeRoller, in his capacity as an agent for COIDA, were properly dismissed based on plaintiff's failure to include them in the notice of claim (*see De Cicco v Madison County*, 300 AD2d 706, 707 n [2002]; *see generally* General Municipal Law § 50-e; *Rosenbaum v City of New York*, 8 NY3d 1, 10-11 [2006]). "A condition precedent to commencing a tort action against an industrial development agency is the service of a notice of claim upon it within 90 days after the claim arose" (*Matter of Grant v Nassau County Indus. Dev. Agency*, 60 AD3d 946, 947 [2009]; *see* General Municipal Law § 50-e [1] [a]; § 880 [2]). Further, "General Municipal Law § 50-e makes unauthorized an action against individuals who have not been named in a notice of claim" where such a notice of claim is required by law (*Tannenbaum v City of New York*, 30 AD3d 357, 358 [2006]), and here a notice of claim against DeRoller in his capacity as an agent for COIDA was required. Although we agree with plaintiff that no notice of claim was required with respect to the actions of DeRoller in his individual capacity, we note that plaintiff concedes on appeal that DeRoller could only be liable in his individual capacity with respect to the fraud causes of action. Plaintiff therefore is deemed to have abandoned any contention with respect to DeRoller in his individual capacity with the exception of his liability for fraud (*see Ciesinski v Town of Aurora*, 202 AD2d 984 [1994]).

Even assuming, arguendo, that the libel and fraud causes of action are not barred by plaintiff's failure to include them in the notice of claim, we would nevertheless conclude that the court properly granted the motion. With respect to the libel cause of action, asserted only against COIDA, we note that the language of the resolution of COIDA's executive board upon which plaintiff premises that cause of action is not " 'reasonably susceptible of a defamatory meaning, [and thus] not actionable' " (*Golub v Enquirer/Star Group*, 89 NY2d 1074, 1076 [1997], quoting *Aronson v Wiersma*, 65 NY2d 592, 594 [1985]). With respect to the fraud causes of action against both COIDA and DeRoller, in his individual capacity, " '[i]t is well established that a separate cause of action for fraud is not stated where, as here, the alleged fraud relates to the breach of contract' " (*Logan-Baldwin v L.S.M. Gen. Contrs., Inc.*, 48 AD3d 1220, 1221 [2008]). Further, plaintiff does not allege that DeRoller engaged in any fraudulent act in his individual capacity and thus has failed to distinguish the causes of action against

DeRoller for fraud in his individual capacity from those against him for breach of contract or quantum meruit. The court therefore also properly dismissed the fraud causes of action against DeRoller in his individual capacity (*see id.* at 1220-1221).

Finally, we conclude that the court did not abuse its discretion in denying plaintiff's request for leave to replead the fraud causes of action (*see Boakye-Yiadom v Roosevelt Union Free School Dist.,* 57 AD3d 929, 931 [2008]). Present—Hurlbutt, J.P., Centra, Fahey, Pine and Gorski, JJ.