■ MICHAEL J. REW, Respondent, v COUNTY OF NIAGARA et al., Appellants. (Appeal No. 1.) [901 NYS2d 442]—

Appeal from an order of the Supreme Court, Niagara County (Ralph A. Boniello, III, J.), entered December 8, 2008 in a personal injury action. The order denied the motion of defendant John Doe to dismiss the complaint against him.

It is hereby ordered that the appeal insofar as taken by defendants County of Niagara, County of Niagara Sheriff's Department, and Niagara County Sheriff Thomas A. Beilein is

unanimously dismissed (*see Town of Massena v Niagara Mohawk Power Corp.*, 45 NY2d 482, 488 [1978]; *Matter of Brown v Starkweather*, 197 AD2d 840, 841 [1993], *lv denied* 82 NY2d 653 [1993]; *see also* CPLR 5511) and the order is otherwise affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries he sustained when he was shot by defendant John Doe (defendant deputy), a sheriff's deputy employed by defendant County of Niagara Sheriff's Department (defendant County). Contrary to the contention of defendant deputy, Supreme Court properly denied his motion to dismiss the complaint against him based on plaintiff's failure to name him in the notice of claim. General Municipal Law § 50-e bars an action against an individual who has not been named in a notice of claim only where such notice is required by law (*see Cropsey v County of Orleans Indus. Dev. Agency*, 66 AD3d 1361, 1362 [2009]). The naming of a county employee in the notice of claim, and thus the service of the notice of claim upon the employee, "is not a condition precedent to the commencement of an action against such person unless the county is required to indemnify such person" (*Bardi v Warren County Sheriff's Dept.*, 194 AD2d 21, 23-24 [1993], citing General Municipal Law § 50-e [1] [b]). A county's duty to indemnify an employee "turns on whether [the employee was] acting within the scope of [his or her] employment (*see* Public Officers Law § 18 [1] [a], [b]; [4] [a])," and whether the obligation to indemnify the employee was formally adopted by a local governing body (*Grasso v Schenectady County Pub. Lib.*, 30 AD3d 814, 818 [2006]; *see* Public Officers Law § 18 [2] [a]; *Matter of Coker v City of Schenectady*, 200 AD2d 250, 252-253 [1994], *appeal dismissed* 84 NY2d 1027 [1995]). Here, even assuming, arguendo, that defendant County was required to indemnify defendant deputy, which is not clear from the record before us, we note that plaintiff alleged that defendant deputy "did willfully, maliciously, and intentionally discharge his weapon and shoot without provocation." Thus, "the conduct of [defendant deputy] as alleged in the complaint amounts to [an] intentional tort[ ]" that falls outside the scope of his employment and thus is not encompassed within the duty to indemnify (*Grasso*, 30 AD3d at 818; *see* Public Officers Law § 18 [4] [b]). Present—Centra, J.P., Peradotto, Lindley, Sconiers and Gorski, JJ.