OPINION OF THE COURT
John M. Curran, J.
Before the court is defendant doctors Lilani, Bognanno, Sapico, Ayanbadejo and Puppala’s motion to dismiss the claims against them for plaintiffs failure to timely serve a notice of claim as required by General Municipal Law § 50-e. Doctors Lilani, Bognanno, Sapico, Ayanbadejo and Puppala all were residents employed at Erie County Medical Center (ECMC) at the time of the alleged malpractice (doctors Lilani, Bognanno, Sapico, Ayanbadejo and Puppala are hereinafter referred to as the resident doctors). Although it is undisputed that plaintiff timely served a notice of claim on ECMC, the resident doctors contend that plaintiffs failure to name them individually in the notice of claim and failure to serve them individually renders the notice ineffective as to the resident doctors, thereby requiring dismissal as to them.
Discussion
The relevant portions of General Municipal Law § 50-e read as follows:
“In any case founded upon tort where a notice of claim is required by law as a condition precedent to the commencement of an action or special proceeding against a public corporation, as defined in the general construction law, or any officer, appointee or employee thereof, the notice of claim shall comply with and be served in accordance with the provisions of this section within ninety days after the claim arises; except that in wrongful death actions, the ninety days shall run from the appointment of a representative of the decedent’s estate.
“Service of the notice of claim upon an officer, ap *469 pointee or employee of a public corporation shall not be a condition precedent to the commencement of an action or special proceeding against such person. If an action or special proceeding is commenced against such person, but not against the public corporation, service of the notice of claim upon the public corporation shall be required only if the corporation has a statutory obligation to indemnify such person under this chapter or any other provision of law.” (General Municipal Law § 50-e [1] [a], [b] [emphasis added].)
Resident Doctors’ Argument
Tannenbaum and White
Despite the plain statutory language, the resident doctors contend that General Municipal Law § 50-e prohibits actions against individuals who have not been named in a notice of claim, citing Tannenbaum v City of New York (30 AD3d 357 [1st Dept 2006]). In Tannenbaum, plaintiff commenced an action against a municipality as well as several agents of that municipality. Despite having served a notice of claim on the municipality, the court dismissed the claims against two defendants for plaintiffs failure to name those individuals in his notice of claim. Specifically, the opinion declared, “General Municipal Law § 50-e makes unauthorized an action against individuals who have not been named in a notice of claim” (Tannenbaum, 30 AD3d at 358). Tannenbaum does not cite any specific language from section 50-e, but rather relies on an earlier Supreme Court decision (White v Averill Park Cent. School Dist., 195 Misc 2d 409 [Sup Ct, Rensselaer County 2003]).
In White, the plaintiffs properly filed a notice of claim against the school district, but did not list individual employees as additional defendants. The claims against the individual school district employees were ultimately dismissed as a result of that omission. In support of the opinion that individual defendants must be named in a notice of claim, the court reasoned: “General Municipal Law § 50-e clearly does not dispense with claimants’ naming the objects of their notice of claim, including the individuals against whom they intend to commence a cause of action” (White, 195 Misc 2d at 410-411). No authority, however, was offered for this reading. Instead, the court in White engaged in a broad discussion of statutory interpretation, beginning its analysis with a survey of the lack of certain provisions *470 in section 50-e, rather than a reading of affirmative provisions. More specifically, it called to attention the fact that section 50-e “makes no provision for directing the notice of claim at one entity and then prosecuting an action against another” (White, 195 Misc 2d at 411). Further, the court opined that section 50-e “certainly does not authorize actions against individuals who have not been individually named in a notice of claim” (White, 195 Misc 2d at 411).
After analysis of language not present in section 50-e, the court expressed its belief that the notion of not requiring a plaintiff to individually name the specific defendants in a notice of claim is inconsistent with “the notice of claim’s acknowledged purpose of affording the public corporation the opportunity to not only locate the defect, conduct a proper investigation, but also to assess the merits of the claim” (White, 195 Misc 2d at 411, citing Carhart v Village of Hamilton, 190 AD2d 973, 974 [3d Dept 1993]). The court further stated that
“[w]here the notice of claim fails to complain about the action or inaction of a particular employee and/or fails to set forth a theory for imposing individual liability on that employee, the municipality has no basis for investigating whether or not the claimant has a valid claim against that employee” (White, 195 Misc 2d at 411-412).
That inability to investigate a claim, according to the court, makes appropriate the dismissal of claims against individual employees who are not named in or served with a notice of claim.
In delivering its opinion, the White court rejected a prior decision by the Southern District of New York dealing with the same issue: Lieber v Village of Spring Val. (40 F Supp 2d 525 [SD NY 1999]). In Lieber, the plaintiff alleged false arrest and several claims stemming from that incident, and filed a notice of claim against the police department without naming specific police officers (40 F Supp 2d at 530-531). Taking into account the fact that the plaintiff was acting pro se in that case, the court reasoned that, even if that was not the case, under the plain language of section 50-e, plaintiffs “failure to file a notice of claim against the individual municipal defendants does not warrant dismissal of his claims” (Lieber, 40 F Supp 2d at 531). Furthermore, the District Court found that the absence of individual defendants’ names did not necessarily prevent the municipality from being able to “locate the defect, conduct a *471 proper investigation, and assess the merits of the claim” (Lieber, 40 F Supp 2d at 531 [citations omitted]). Thus, this reading of section 50-e does not require individual defendants to be named in a notice of claim.
Cases Relying on White for Authority on Section 50-e
In addition to Tannenbaum (30 AD3d at 358), discussed above, the resident doctors rely on Cropsey v County of Orleans Indus. Dev. Agency (66 AD3d 1361 [4th Dept 2009]) to support the contention that naming the individual defendants in a notice of claim is a condition precedent to commencing an action against them. In Cropsey, the Fourth Department quoted language from Tannenbaum and added a caveat of its own: “General Municipal Law § 50-e makes unauthorized an action against individuals who have not been named in a notice of claim where such a notice of claim is required by law” (66 AD3d at 1362 [internal quotation marks omitted]). The Court reasoned that a notice of claim against the individual defendant was required with respect to the actions of that defendant in his capacity as an agent for the corporation. There was, however, no statute or case law offered in support of that reasoning. The Court provided no explanation as to why “such a notice of claim is required by law.”
With Tannenbaum, White and Cropsey as historical support, the resident doctors rely heavily on the Fourth Department’s most recent pronouncement on the issue in Rew v County of Niagara (73 AD3d 1463 [4th Dept 2010]). This single-paragraph Fourth Department decision synthesized the entire line of cases following White into an overview of the “requirements” laid out in section 50-e (Rew, 73 AD3d at 1464). The Court began its analysis by citing the relevant language contained in Cropsey, which cited back to Tannenbaum and ultimately to White. The final summary language contained in Rew is: “General Municipal Law § 50-e bars an action against an individual who has not been named in a notice of claim only where such notice is required by law” (Rew, 73 AD3d at 1464).
The Fourth Department also utilized a case on the same topic from the Third Department, Bardi v Warren County Sheriff's Dept. (194 AD2d 21 [3d Dept 1993]). The language taken from Bardi declared: “The naming of a county employee in the notice of claim, and thus the service of the notice of claim upon the employee, is not a condition precedent to the commencement of an action against such person unless the county is required to indemnify such person” (Rew, 73 AD3d at 1464 [internal quota *472 tion marks omitted], quoting Bardi, 194 AD2d at 23-24). The only authority offered for that proposition in either Rew or Bardi is a general reference to section 50-e (1) (b). However, neither Rew nor Bardi quote any statutory language supporting this conclusion.
Plaintiffs Opposition
Plaintiff contends that she had no obligation to identify the resident doctors by name in her notice of claim or to serve them with the notice of claim. In support of this assertion, plaintiff relies on the language of Public Authorities Law §§ 3641 and 2980 and General Municipal Law § 50-e, as well as several decisions by the Court of Appeals and Appellate Division decisions from the First, Second and Fourth Departments. The crux of plaintiffs argument is that the plain language of section 50-e and the precedent from the Court of Appeals provide that
“a plaintiff need not name a public employee in her notice of claim as a condition precedent to the commencement of a suit against the employee where the claimant duly serves a notice of claim upon the public employer and then commences an action against both the employer and employee” (June 16, 2011 aff of John A. Collins, Esq. ¶ 40).
Public Authorities Law §§ 3641 and 2980
The relevant portions of Public Authorities Law § 3641 read as follows:
“1. Except in an action for wrongful death, no action or special proceeding shall be prosecuted or maintained against the corporation, its members, officers, or employees for personal injury or damage to real or personal property alleged to have been sustained by reason of the negligence, tort, or wrongful act of the corporation or of any member, officer, agent, or employee thereof, unless:
“(a) notice of claim shall have been made and served upon the corporation within the time limit set by and in compliance with section fifty-e of the general municipal law;
“(b) it shall appear by and as an allegation in the complaint or moving papers that at least thirty days have elapsed since the service of such notice and that adjustment or payment thereof has been neglected or refused; and
“(c) the action or special proceeding shall be com *473 menced within one year and ninety days after the happening of the event upon which the claim is based; and
“(d) an action against the corporation for wrongful death shall be commenced in accordance with notice of claim and time limitation provisions of title eleven of article nine of this chapter.” (Public Authorities Law § 3641 [1] [a]-[d] [emphasis added].)
The relevant portions of Public Authorities Law § 2980, to which section 3641 (1) (d) refers, read as follows: “No wrongful death action against a public authority or public benefit corporation shall be commenced unless a notice of claim has been served on the authority or corporation in accordance with the provisions of section fifty-e of the general municipal law” (emphasis added).
The basis of plaintiffs opposition begins with the plain statutory language of Public Authorities Law §§ 3641 and 2980 and General Municipal Law § 50-e. Because ECMC is a public benefit corporation, it is thus governed by the Public Authorities Law. The Public Authorities Law, however, defers to the language of section 50-e on the notice of claim requirements. The relevant analysis, therefore, becomes the same as in the resident doctors’ contention: whether the language of section 50-e requires the naming and serving of individual defendants. Plaintiff makes the observation before moving on to that analysis, however, that Public Authorities Law §§ 3641 and 2980 use the specific language that the notice of claim shall be “served upon the corporation.” According to plaintiff, “the Legislature has expressly provided that a notice of claim is to be served only on ECMC Corp., not upon those individual employees who, by virtue of their personal involvement in a patient’s case, might also be named as defendants in a malpractice suit” (June 16, 2011 aff of John A. Collins, Esq. 1i 14).
After pointing to the specific language in Public Authorities Law §§ 3641 (1) (a) and 2980, plaintiff continues by citing a Court of Appeals decision that plainly dealt with the interpretation and requirements of General Municipal Law § 50-e: Sandak v Tuxedo Union School Dist. No. 3 (308 NY 226 [1954]). In Sandak, the minor plaintiff sought to recover damages for personal injuries sustained while participating in activities in the school’s gymnasium under the supervision of several employee teachers (308 NY at 228). There were two causes of action initiated: one against the school district and one against *474 the individual teachers. The claim against the teachers was the only one challenged, and thus the only issue decided by the Court of Appeals.
The Court began its analysis by examining the language of section 50-e, as it was then written (Sandak, 308 NY at 230). “Historically, the notice of claim concept has always applied only to public corporations,” noting that the statute “says nothing about service on the negligent employee or appointee of a public corporation” (Sandak, 308 NY at 230). The Court found no requirement of service on an individual defendant, even under the old language mandating service
“on the party against whom the claim is made . . . by delivering the notice, or a copy thereof, personally, or by registered mail, to the person, officer, agent, clerk or employee, designated by law as a person to whom a summons in an action in the supreme court issued against such party may be delivered” (Sandak, 308 NY at 230, quoting former General Municipal Law § 50-e [3]).
Subsequent to the decision in Sandak, section 50-e was amended to reflect the decision and clear up the ambiguity of who must be served. That amendment, according to plaintiff, indicates the legislature’s intent to not require service of a notice of claim upon individual defendants employed by a municipality or similar entity.
Plaintiff further relies on Schiavone v County of Nassau (51 AD2d 980 [2d Dept 1976], affd 41 NY2d 844 [1977]), a medical malpractice case which dealt with the issue of whether or not individual defendant physicians must be served with a notice of claim as well as the defendant county hospital. The Second Department, affirmed by the Court of Appeals, held:
“[S]ections 50-e and 50-i of the General Municipal Law . . . merely require service of a notice of claim upon the municipality alone within 90 days. The General Municipal Law provisions do not require personal service of the notice of claim upon the individual official, servant, agent or employee of the municipality.” (Schiavone, 51 AD2d at 981.)
Based on the clear language presented in both Sandak and Schiavone, the Court of Appeals seems to have made explicit the premise that section 50-e does not require plaintiffs to serve a notice of claim upon individual defendants.
Plaintiff next cites a collection of cases that serve to reiterate the holdings of the Court of Appeals. The Fourth Department *475 decisions in O’Hara v Sears, Roebuck & Co. (286 App Div 104 [4th Dept 1955]) and Cooper v Morin (50 AD2d 32 [4th Dept 1975]), together with a First Department decision, Delgado v Connolly (246 AD2d 484 [1st Dept 1998]), solidify the assertion that “no notice of claim need be served upon the defendant. . . individually” (see Cooper, 50 AD2d at 36, citing Sandak, 308 NY 226 [1954]). In fact, the case upon which the resident doctors’ position is structured, White, admits that Delgado “specifically eliminates the need to serve the notice of claim on the individuals” (White, 195 Misc 2d at 410). Thus, the contention that individuals must be served seems to be in complete conflict with both the language of section 50-e as well as the entirety of Court of Appeals decisions and the vast bulk of Appellate Division decisions regarding the matter.
For support of the contention that individual defendants need not be named in a notice of claim, plaintiff points to the language of section 50-e (2), which addresses the contents and form of the notice. The relevant portion of section 50-e (2) states:
“The notice shall be in writing, sworn to by or on behalf of the claimant, and shall set forth: (1) the name and post-office address of each claimant, and of his attorney, if any; (2) the nature of the claim; (3) the time when, the place where and the manner in which the claim arose; and (4) the items of damage or injuries claimed to have been sustained so far as then practicable.”
The Court of Appeals has made a few very significant observations as to what the objectives and practical expectations of the notice of claim requirements are. Commenting on section 50-e, the Court of Appeals in Teresta v City of New York (304 NY 440, 443 [1952]) held that “[t]he prime, if not the sole, objective of the notice requirements of such a statute is to assure the city an adequate opportunity to investigate the circumstances surrounding the accident and to explore the merits of the claim while information is still readily available.” Accordingly, in order to fulfill that objective, a plaintiff must provide sufficient information so that the “real party against whom the claim is made” may explore the allegations against it. Because ECMC is required by Public Officers Law § 18 to indemnify its employees, it is the actual party in interest, and thus the party *476 with whom the notice of claim requirements are concerned (see Sandak, 308 NY at 231).*
Furthermore, the Court in Schiavone, affirmed by the Court of Appeals, concluded, “[o]n a purely practical basis, it is obvious that, uniquely in medical malpractice actions, a potential claimant may be unable to ascertain the perpetrators of the alleged malpractice within the 90-day notice period” (51 AD2d at 981). A practical view also must encompass the possibility that the resident doctors, as is fairly typical for medical residents (at least in this area), may have relocated by the time they have been identified.
Conclusion
Although there is marked inconsistency among the decisions regarding the requirements of General Municipal Law § 50-e, the cases upon which the resident doctors rely, all of which follow the White decision, seem to misconstrue the language of section 50-e. The legislature appears to have amended the section to conform to the interpretation suggested by the Court in Sandak, and every decision by the Court of Appeals on this topic since that time has been consistent with the holding of that case and the new language of the section.
Thus, while the cases cited by the resident doctors are more recent in the chronology of decisions, they are inconsistent with the language of section 50-e and the way the Court of Appeals has construed the statute. Without a Court of Appeals decision overturning that case law, or legislative action rewording the current version of section 50-e (see Warnock v Duello, 30 AD3d 818, 819 [3d Dept 2006], lv dismissed 7 NY3d 844 [2006]), this court must conclude that there is nothing requiring a plaintiff, as a condition precedent to commencing an action, to either name or serve an individual defendant in a notice of claim when such notice is required as against the employer public benefit corporation.
Since it is undisputed that plaintiff timely served a notice of claim against ECMC which admittedly satisfied the requirements set forth in section 50-e (2), the resident doctors’ motion is denied.
Plaintiffs counsel should prepare the order and settle it with defense counsel.

 This point leads to the practical observation that it may not matter in this case whether the resident doctors were named and served.