# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**101**

**CA 12-01441**

PRESENT: SCUDDER, P.J., FAHEY, LINDLEY, VALENTINO, AND MARTOCHE, JJ.

---

ROBETTE GOODWIN, AS ADMINISTRATRIX OF THE
ESTATE OF CHARLENE E. CLINTON, DECEASED,
PLAINTIFF-RESPONDENT,

V                                                    OPINION AND ORDER

RICHARD W. PRETORIUS, M.D., ET AL., DEFENDANTS,
RIZWANA LILANI, M.D., ANDREW BOGNANNO, M.D.,
LEIZL F. SAPICO, M.D., CLEMENT AYANBADEJO, M.D.,
AND VENKATA PUPPALA, M.D., DEFENDANTS-APPELLANTS.

---

RICOTTA & VISCO, ATTORNEYS & COUNSELORS AT LAW, BUFFALO (K. JOHN BLAND
OF COUNSEL), FOR DEFENDANTS-APPELLANTS.

LIPSITZ GREEN SCIME CAMBRIA LLP, BUFFALO (JOHN A. COLLINS OF COUNSEL),
FOR PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Erie County (John M.
Curran, J.), entered December 21, 2011.  The order denied the motion
of defendants Rizwana Lilani, M.D., Andrew Bognanno, M.D., Leizl F.
Sapico, M.D., Clement Ayanbadejo, M.D., Venkata Puppala, M.D. and Erie
County Medical Center Corporation to dismiss the complaint against
defendants-appellants.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Opinion by SCUDDER, P.J.:

I

In May 2009 Charlene E. Clinton (decedent) sought treatment at
defendant Erie County Medical Center Corporation (ECMCC).  She was
admitted to ECMCC on May 7, 2009 and was discharged on May 12, 2009.
Approximately five days later, decedent was transported by ambulance
to ECMCC, and she died the next day.  In August 2009, plaintiff served
a notice of claim on ECMCC only, naming ECMCC as the sole defendant.
Plaintiff thereafter commenced this action against, inter alia,
Rizwana Lilani, M.D., Andrew Bognanno, M.D., Leizl F. Sapico, M.D.,
Clement Ayanbadejo, M.D., and Venkata Puppala, M.D. (collectively,
Employee Defendants) and ECMCC (collectively, defendants).  Defendants
thereafter moved to dismiss the complaint against the Employee
Defendants on the grounds that the Employee Defendants were neither
served with the notice of claim nor named in the notice of claim (*see*

*generally* General Municipal Law § 50-e).  Supreme Court denied the motion and, for the reasons that follow, we conclude that the order should be affirmed.

## II

First, as defendants correctly conceded at oral argument of this appeal, General Municipal Law § 50-e does not require service of a notice of claim on the Employee Defendants as a condition precedent to the commencement of this action.  ECMCC is a public benefit corporation (*see* Public Authorities Law § 3628 *et seq*.) and, therefore, it is undisputed that the provisions of General Municipal Law § 50-e apply (*see* Public Authorities Law § 3641 [1] [a]; *see e.g. Stanfield v Nohejl*, 182 AD2d 1138, 1138).  General Municipal Law § 50-e (1) (b) provides, in pertinent part, that

> "[s]ervice of the notice of claim upon an . . . employee of a public corporation *shall not* be a condition precedent to the commencement of an action or special proceeding against such person. If an action or special proceeding is commenced against such person, but not against the public corporation, service of the notice of claim *upon the public corporation* shall be required only if the corporation has a statutory obligation to indemnify such person under this chapter or any other provision of law" (emphasis added).

It is undisputed that plaintiff served the notice of claim on ECMCC in accordance with the provisions of section 50-e (1) (b). Inasmuch as the statute unambiguously states that service upon the employees of ECMCC, i.e., the Employee Defendants, is not a condition precedent to the commencement of an action against the individual employees, there is no merit to defendants' initial contention on their motion that the failure to serve the Employee Defendants with the notice of claim requires dismissal of the complaint against them (*see generally* Public Authorities Law § 3641 [1] [a]; *Schiavone v County of Nassau*, 51 AD2d 980, 981, *affd* 41 NY2d 844; *Sandak v Tuxedo Union School Dist. No. 3*, 308 NY 226, 230; *Delgado v Connolly*, 246 AD2d 484, 485).  We thus note that, to the extent that our prior decision in *Rew v County of Niagara* (73 AD3d 1463, 1464) suggests that service of a notice of claim upon an employee of a public corporation is a condition precedent to commencement of the action against such employee, that decision is no longer to be followed.

## III

Second, defendants contend that, although service of the notice of claim on the Employee Defendants was not required, plaintiff was nevertheless required to name those individual defendants in the notice of claim as a condition precedent to the commencement of an action against them.  Despite precedent supporting that contention, we agree with Supreme Court that there is no such requirement.

The requirements for a notice of claim are found in General Municipal Law § 50-e (2), which states:

> "The notice shall be in writing, sworn to by or on behalf of the claimant, and shall set forth: (1) the name and post-office address of each claimant, and of his [or her] attorney, if any; (2) the nature of the claim; (3) the time when, the place where and the manner in which the claim arose; and (4) the items of damage or injuries claimed to have been sustained so far as then practicable . . ."

The notice of claim filed by plaintiff against ECMCC contained all of the required information. Defendants correctly contend, however, that precedent from this Department and others requires that all of the Employee Defendants also be named in the notice of claim. While recognizing the importance of stare decisis, we now conclude that our prior cases were wrongly decided.

In both *Rew* (73 AD3d at 1464) and *Cropsey v County of Orleans Indus. Dev. Agency* (66 AD3d 1361, 1362), this Court wrote that General Municipal Law § 50-e bars the commencement of an action against an individual who has not been named in a notice of claim where such notice is required by law. The decision in *Rew* cited only *Cropsey* for that proposition, and the decision in *Cropsey* cited only *Tannenbaum v City of New York* (30 AD3d 357, 358) in support of its statement to the same effect. In deciding *Tannenbaum*, the First Department cited only *White v Averill Park Cent. Sch. Dist.* (195 Misc 2d 409, 411 [Sup Ct, Rensselaer County 2003] [James B. Canfield, J.]) in support of its statement that section 50-e "makes unauthorized an action against individuals who have not been named in a notice of claim" (*Tannenbaum*, 30 AD3d at 358).

We can find no cases before *White* with such a holding. Indeed, in *Travelers Indem. Co. v City of Yonkers* (142 Misc 2d 334, 336), one of the only reported cases addressing the issue prior to the decision in *White*, the court wrote that it was "not aware of any provision in the General Municipal Law [that] would require the plaintiff to name any officer, appointee or employee in a notice of claim where the municipality was so named as a party." Because *White* appears to be the first case to impose such a requirement, we begin our analysis with that case.

The decision in *White* is devoid of any legal authority supporting the Justice's view that individual employees must be named in a notice of claim as a condition precedent to the commencement of an action against them. The Justice who authored the decision in *White* concluded that, without naming the individual employees, the municipality does not have "enough information to enable [it] to adequately investigate the claim" (195 Misc 2d at 411). He thus concluded that "permitting plaintiffs to prosecute causes of action against individuals who were not named in the[] notice of claim is contrary both to the letter and the purpose of [General Municipal Law

§ 50-e]" (*id.* at 412).[1]

Although *White* has been cited in numerous published and unpublished trial level cases, the first Appellate Division case to cite *White* is *Tannenbaum* (30 AD3d at 358). In that case, the First Department wrote:

> "General Municipal Law § 50-e makes unauthorized an action against individuals who have not been named in a notice of claim (*see* [*White*, 195 Misc 2d at 411]), thus warranting dismissal of the state claims against [the individual defendants] (*see Matter of Rattner v Planning Commn. of Vil. of Pleasantville*, 156 AD2d 521, 526 [1989], *lv dismissed* 75 NY2d 897 [1990])" (*id.* at 358).

As noted above, the decision in *White* cited no legal authority for its holding and, although the First Department also cited to *Rattner* (156 AD2d at 526),[2] that case does not stand for the proposition that individual employees must be named in a notice of claim. *Rattner* merely held in relevant part that a notice of claim pursuant to General Municipal Law § 50-e is required for actions against individual parties where "it is clear that the [claims] were brought against them in their official capacities" (*id.* at 526). That is because the purpose of a notice of claim is to permit governmental authorities to investigate claims expeditiously (*see Rosenbaum v City of New York*, 8 NY3d 1, 11; *see generally Sandak*, 308 NY at 232).

---

[1] *White* and, subsequently, *Tannenbaum* have been followed by other trial level cases (*see e.g. Almas v Loza*, 2011 NY Slip Op 32721[U] [Sup Ct, NY County]; *Guzman v City of New York*, 2011 NY Slip Op 30797[U] [Sup Ct, NY County]; *Martire v City of New York*, 2009 NY Slip Op 31648[U] [Sup Ct, NY County]; *Gray v City of New York*, 2006 NY Slip Op 30417[U] [Sup Ct, NY County], *adhered to on rearg* 2007 NY Slip Op 34198[U] [Sup Ct, NY County]; *T.P. ex rel. Patterson v Elmsford Union Free Sch. Dist.*, 2012 WL 5992748, *8 [SD NY]; *Edwards v Jericho Union Free School Dist.*, 2012 WL 5817281, *9 [ED NY]; *Alexander v Westbury Union Free Sch. Dist.*, 829 F Supp 2d 89, 110 [ED NY 2011]; *Dilworth v Goldberg*, *M.D.*, 2011 WL 4526555, *6 [SD NY]; *DC v Valley Cent. Sch. Dist.*, 2011 WL 3480389, *1 [SD NY]; *Schafer v Hicksville Union Free Sch. Dist.*, 2011 WL 1322903, *11 [ED NY]).

[2] In their reply brief, defendants contend that, because the Court of Appeals dismissed the plaintiff's application for leave to appeal, they thus affirmed the appellate court's order. That contention lacks merit because a denial or dismissal of an application for leave to appeal is not the equivalent of an affirmance (*see e.g. Matter of Conservative Party of State of N.Y. v New York State Bd. of Elections*, 88 NY2d 998, 998; *Parillo v Salvador*, 276 AD2d 1000, 1001, *lv denied* 96 NY2d 702; *Matter of Quirk v Evans*, 116 Misc 2d 554, 556).

Where the governmental entity would be required to indemnify the individual employees named in a lawsuit, that governmental entity must be afforded the same opportunity to investigate the claims made against the individuals.  Thus, the issue in *Rattner* (156 AD2d at 526) was whether a notice of claim, to be served on the public corporation, was required at all, not whether the notice of claim needed to name the specific individual employees.

The First Department has recently reaffirmed its position in *Tannenbaum*, stating that an action could not proceed against individual defendants "because they were not named in the notice of claim" (*Cleghorne v City of New York*, 99 AD3d 443, 446).  In that decision, the only case cited by the Court was *Tannenbaum*.

IV

Our first foray into the subject matter was our decision in *Cropsey*.  In that case the plaintiff appealed from an order that, inter alia, granted that part of the defendants' motion to dismiss the complaint in its entirety as to an employee of the defendant County of Orleans Industrial Development Agency.  In determining that Supreme Court properly granted that part of the motion, we wrote, " 'General Municipal Law § 50-e makes unauthorized an action against individuals who have not been named in a notice of claim' where such a notice of claim is required by law" (*Cropsey*, 66 AD3d at 1362, quoting *Tannenbaum*, 30 AD3d at 358).

In our next decision addressing the issue, we were called upon to decide whether a trial court properly denied an individual deputy's motion to dismiss the complaint against him (*Rew*, 73 AD3d at 1464).  We wrote:

> "General Municipal Law § 50-e bars an action against an individual who has not been named in a notice of claim only where such notice is required by law [citing *Cropsey*, 66 AD3d at 1362].  The naming of a county employee in the notice of claim, and thus the service of the notice of claim upon the employee, 'is not a condition precedent to the commencement of an action against such person unless the county is required to indemnify such person' " (*id.* at 1464, quoting *Bardi v Warren County Sheriff's Dept.*, 194 AD2d 21, 23-24, citing § 50-e [1] [b]).[3]

We ultimately held in *Rew* that a notice of claim was not required by law because the defendant County of Niagara had no duty to indemnify the individual deputy.  The conduct of the deputy, as alleged by the plaintiff, " 'amount[ed] to [an] intentional tort[ ]' that [fell] outside the scope of his employment and thus [was] not encompassed

---

[3]We have previously addressed the erroneous statement regarding service, *supra*.

within the duty to indemnify" (*id.* at 1464).

There is no doubt that, despite the absence of any statutory provision so holding, numerous cases have held that, where a notice of claim is required by law, a plaintiff must, as a condition precedent to the commencement of an action against individual employees of a public corporation, name those employees in the notice of claim. In support of her position that individual employees need not be named in a notice of claim, plaintiff notes the absence of any such requirement in General Municipal Law § 50-e and quotes from *Schiavone* (51 AD2d at 981) for the proposition that,

> "[o]n a purely practical basis, it is obvious that, uniquely in medical malpractice actions, a potential claimant may be unable to ascertain the perpetrators of the alleged malpractice within the 90-day notice period."

*Schiavone* dealt with a conflict between County Law former § 52 (2), which then required service of the notice of claim on all individual employees as a condition precedent to the commencement of an action, and General Municipal Law § 50-d, which dealt with actions against government-employed physicians and required that service of a notice of claim be made pursuant to General Municipal Law § 50-e, i.e., only upon the municipal corporation (*Schiavone*, 51 AD2d at 981). The Second Department determined that the failure to serve a notice of claim on resident physicians did not preclude the subsequent action against them (*id.*). Relying on *Sandak*, the Court wrote that, "[a]s in *Sandak*, the physicians in the instant case allegedly performed the acts complained of; they needed no advance notice, as does a municipality, to investigate facts of which they were unaware or to obtain information which subsequently might cease to be available" (*id.*).

The underlying issue in *Schiavone* concerned service of the notice of claim on the resident physicians, but the Court's rationale, i.e., recognizing that a plaintiff may not have an opportunity to identify the perpetrators of the tort in such a short period of time, applies equally to whether those individuals must be named in a notice of claim.

V

The question for this Court is whether we should follow our prior decisions, based on the doctrine of stare decisis.

> "The doctrine of stare decisis recognizes that legal questions, once resolved, should not be reexamined every time they are presented . . . The doctrine . . . rests upon the principle that a court is an institution, not merely a collection of individuals, and that governing rules of law do not change merely because the personnel of the court changes . . . Stare decisis is the preferred

course because it promotes the evenhanded, predictable, and consistent development of legal principles, fosters reliance on judicial decisions, and contributes to the actual and perceived integrity of the judicial process" (*Matter of Philadelphia Ins. Co. [Utica Natl. Ins. Group]*, 97 AD3d 1153, 1155 [internal quotation marks omitted]).

While stare decisis is the preferred course, that doctrine "does not enjoin departure from precedent or preclude the overruling of earlier decisions" (*Matter of Simonson v Cahn*, 27 NY2d 1, 3; *see Dufel v Green*, 198 AD2d 640, 640-641, *affd* 84 NY2d 795). We previously wrote that,

"[i]n our view, '[a]lthough due deference should be accorded the doctrine of stare decisis in order to promote consistency and stability in the decisional law, we should not blindly follow an earlier ruling [that] has been demonstrated to be unsound simply out of respect for that doctrine' . . . '[T]he doctrine of [stare decisis], like almost every other legal rule, is not without its exceptions. It does not apply to a case where it can be shown that the law has been misunderstood or misapplied, or where the former determination is evidently contrary to reason. The authorities are abundant to show that in such cases it is the duty of courts to re-examine the question' " (*Kash v Jewish Home & Infirmary of Rochester, N.Y., Inc.*, 61 AD3d 146, 150; *see Rumsey v New York & New England R.R. Co.*, 133 NY 79, 85; *see also Matter of Eckart*, 39 NY2d 493, 498-499).

Although "[p]recedents involving statutory interpretation are entitled to great stability" (*People v Hobson*, 39 NY2d 479, 489; *see Matter of Chalachan v City of Binghamton*, 81 AD2d 973, 974, *affd* 55 NY2d 989), we conclude that the courts have misapplied or misunderstood the law in creating, by judicial fiat, a requirement for notices of claim that goes beyond those requirements set forth in the statute. If the legislature had intended that there be a requirement that the individual employees be named in the notices of claim, it could easily have created such a requirement. Indeed, the absence of such a requirement has previously been noted (*see Verponi v City of New York*, 31 Misc 3d 1230 [A], 2011 NY Slip Op 50908 [U], *5). It is a well-settled rule of statutory construction that, "where as here the statute describes the particular situations in which it is to apply, 'an irrefutable inference must be drawn that what is omitted or not included was intended to be omitted or excluded' " (*Patrolmen's Benevolent Assn. of City of N.Y. v City of New York*, 41 NY2d 205, 208-209, quoting McKinney's Cons Laws of NY, Book 1, Statutes, § 240). Inasmuch as the notice of claim requirements are "in derogation of [a] plaintiff's common-law rights," the statute creating such a requirement should be strictly construed in the plaintiff's favor

(*Sandak*, 308 NY at 230).

Finally, as the Court of Appeals has often stated:

> "The test of the sufficiency of a Notice of Claim
> is merely 'whether it includes information
> sufficient to enable the [municipality] to
> investigate' . . . 'Nothing more may be required'
> . . . Thus, in determining compliance with the
> requirements of General Municipal Law § 50-e,
> courts should focus on the purpose served by a
> Notice of Claim: whether based on the claimant's
> description municipal authorities can locate the
> place, fix the time and understand the nature of
> the accident" (*Brown v City of New York*, 95 NY2d
> 389, 393; *see e.g. Rosenbaum*, 8 NY3d at 10-11;
> *O'Brien v City of Syracuse*, 54 NY2d 353, 358).

The underlying purpose of the statute may be served without requiring a plaintiff to name the individual agents, officers or employees in the notice of claim. We share the concern enunciated in *Schiavone* (51 AD2d at 981) that plaintiffs may not be able to meet that judicially-created requirement.

VI

Therefore, to the extent that our decisions in *Rew* (73 AD3d at 1464) and *Cropsey* (66 AD3d at 1362) held that General Municipal Law § 50-e bars an action against individuals who have not been named in a notice of claim, where such a notice is required by law, those cases are no longer to be followed. Accordingly, we conclude that the order denying defendants' motion to dismiss the complaint against the Employee Defendants should be affirmed.

In view of our determination that the order should be affirmed, we do not address plaintiff's remaining contention.

Entered: March 22, 2013                    Frances E. Cafarell
                                           Clerk of the Court