■ GARY GORGONE, Appellant, v RALPH CAPOZZI et al., Respondents. [656 NYS2d 49] —In an action, *inter alia,* to recover damages pursuant to Labor Law § 740 and for interference with contract, the plaintiff appeals (1) from an order of the Supreme Court, Westchester County (Nastasi, J.), entered November 9, 1995, which denied his motion for leave to serve a late notice of claim upon the defendants City of Yonkers and Ralph Capozzi, and granted the cross motion of these defendants to dismiss the complaint insofar as asserted against them, (2) as limited by his brief, from stated portions of an order of the same court, entered December 21, 1995, which, *inter alia,* in effect, upon reargument, adhered to so much of the original determination as granted that branch of the cross motion of the defendants City of Yonkers and Ralph Capozzi which was to dismiss the complaint insofar as asserted against Ralph Capozzi, (3) from an order of the same court, entered March 25, 1996, which, *inter alia,* granted the motion of the defendant Pathmark Stores, Inc., for summary judgment dismissing the complaint insofar as asserted against it and denied his cross motion for leave to serve an amended complaint, and (4) from a judgment of the same court, entered May 24, 1996, which, upon dismissing the complaint insofar as asserted against the defendant Pathmark Stores, Inc., imposed costs and attorney's fees in favor of the defendant Pathmark Stores, Inc., and against him in the principal sum of $4,631.75.

Ordered that the appeal from the order entered March 25, 1996, is dismissed; and it is further,

Ordered that the appeal from so much of the order entered November 9, 1995, as dismissed the complaint insofar as as-

serted against Ralph Capozzi is dismissed, as that portion of the order was superseded by the order entered December 21, 1995, made upon reargument; and it is further,

Ordered that the order entered November 9, 1995, is affirmed insofar as reviewed; and it is further,

Ordered that the order entered December 21, 1995, is affirmed insofar as appealed from; and it is further,

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by adding a provision thereto directing that the sum of $4,631.75, representing legal fees and costs awarded to Pathmark Stores, Inc., pursuant to Labor Law § 740 (6), is personally payable by counsel for the plaintiff, Arthur Altman; as so modified, the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the defendants appearing separately and filing separate briefs.

The appeal from the intermediate order entered March 25, 1996, must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on appeal from that order are brought up for review and have been considered on the appeal from the judgment (see, CPLR 5501 [a] [1]).

The plaintiff is employed by the defendant Pathmark Stores, Inc. (hereinafter Pathmark), as an assistant store manager. His complaint alleges that in 1992, while working in Pathmark's Portchester store, he discovered that the daughter of the defendant Ralph Capozzi (hereinafter Capozzi) had underpriced a significant quantity of meat prior to its sale. When the plaintiff reported the matter to Pathmark, Capozzi's daughter was fired. In 1994, after the plaintiff was transferred to a Pathmark store in Yonkers, Capozzi allegedly abused his authority as the director of the Yonkers Consumer Protection Agency, and in retaliation for the plaintiff's involvement in the termination of his daughter's employment, compelled Pathmark to transfer the plaintiff to a store in the Bronx. Sometime thereafter, the plaintiff was again transferred to a Pathmark store in Hartsdale, closer to his Putnam County home.

The plaintiff's complaint alleged several causes of action against Pathmark, Capozzi, and the City of Yonkers. The complaint alleged that the plaintiff was punished for "blowing the whistle" on an unlawful practice, and that Capozzi and the City of Yonkers had interfered with the plaintiff's contractual rights. After protracted and redundant motion practice, the

Supreme Court dismissed the complaint insofar as asserted against all of the defendants and awarded Pathmark costs and legal fees pursuant to Labor Law § 740 (6).

The Supreme Court did not improvidently exercise its discretion in denying the plaintiff's motion for leave to serve a late notice of claim upon the defendant City of Yonkers. Even assuming that the plaintiff's transfer was caused by Capozzi's allegedly improper meddling, the plaintiff neither had a reasonable excuse for his failure to serve a timely notice of claim nor established the merit of his claims (see, Sica v Board of Educ., 226 AD2d 542).

Furthermore, even though the plaintiff was not required to serve a notice of claim upon Capozzi for his allegedly retaliatory acts which were clearly outside of the scope of his employment (see, General Municipal Law § 50-e [1] [b]), the complaint was properly dismissed as against Capozzi, as the plaintiff failed to state any cause of action against him (see, NBT Bancorp v Fleet/ Norstar Fin. Group, 87 NY2d 614; Burns Jackson Miller Summit & Spitzer v Lindner, 59 NY2d 314; M.J. & K. Co. v Matthew Bender & Co., 220 AD2d 488). Moreover, dismissal of the plaintiff's first cause of action for prima facie tort was proper due to his failure to plead special damages, and the record suggests that he suffered no special damages (see, Freihofer v Hearst Corp., 65 NY2d 135; Bassim v Howlett, 191 AD2d 760; Varela v Investors Ins. Holding Corp., 185 AD2d 309, affd 81 NY2d 958; Constant v Hallmark Cards, 172 AD2d 641, 642; Patane v Griffin, 164 AD2d 192).

Pathmark was properly awarded summary judgment dismissing the Labor Law § 740 causes of action as the alleged facts of this case do not support a claim thereunder (see, Labor Law § 740 [2]; Remba v Federation Empl. & Guidance Serv., 76 NY2d 801). The plaintiff merely reported what amounted to a theft by a co-employee. He did not "blow the whistle" on any improper policy or practice attributable to Pathmark which posed any threat to the health or safety of the public at large (Labor Law § 740 [2] [a]; see, Easterson v Long Is. Jewish Med. Ctr., 156 AD2d 636). Moreover, in the absence of any identifiable right to work in the store of his choice, under the facts at bar, it cannot be said that Pathmark's decision to transfer the plaintiff to a different store, with no apparent loss of wages or benefits, constituted a "retaliatory personnel action" under the statutory scheme (Labor Law § 740 [1] [e]).

The plaintiff's remaining contentions are without merit. Mangano, P. J., Bracken, Rosenblatt and Miller, JJ., concur.