■ JOSE ALVAREZ et al., Appellants, v CITY OF NEW YORK et al., Respondents. [22 NYS3d 362]—

Order, Supreme Court, Bronx County (Mitchell J. Danziger, J.), entered May 27, 2014, which granted defendants' motion for summary judgment dismissing the complaint, affirmed, without costs.

Gonzalez, P.J., and Sweeny, JJ., concur in a separate memorandum by Sweeny, J., as follows: Plaintiff Jose Alvarez alleges that, at approximately 7:30 p.m. on April 30, 2008, he was falsely arrested by members of the New York City Police Department (NYPD). In his notice of claim, filed against defendant City of New York and "the New York City Police Department" in June 2008, Alvarez alleged, inter alia, that he was the subject of "[a]ssault, battery, excessive force, police brutality, false imprisonment, [and] false arrest." His notice of claim, as well as those filed on behalf of the other family member plaintiffs, did not specifically name any members of the NYPD responsible for these alleged acts, nor did they

contain a generic reference to individual officers such as "Police Officer John Doe" or any similar language indicating that plaintiffs were making a claim against any police officers individually.

In September 2008, plaintiffs commenced the present action against the City, NYPD and "Police Officer John Doe a/k/a Officer Green and Police Officer John Doe Badge Number 14007." An amended complaint was filed on March 28, 2011 to add four additional named police officers as defendants. Neither the complaint nor the amended complaint allege that any of the officers acted in other than their official capacities, which allegation would obviate the need to file a notice of claim against them (*Gorgone v Capozzi*, 238 AD2d 308, 310 [2d Dept 1997], *lv denied* 95 NY2d 767 [2000]). To the contrary, the pleadings contained specific allegations that the police officers acted wholly within their official capacities.

In early 2012, defendants moved to dismiss certain claims. By order entered July 17, 2013, the motion court, inter alia, dismissed the claims against the NYPD on the ground it is a "non-suable entity."

In September 2013, the individual police officer defendants moved pursuant to CPLR 3211 (a) (7) to dismiss the state law claims against them, arguing that they had not been named in the notice of claim. Plaintiffs opposed, arguing, inter alia, that the plain language of General Municipal Law § 50-e, strictly construed, does not require individual municipal employees to be specifically identified in a notice of claim in order to be named as individual defendants in the subsequent action. The motion court, relying on the decisions in *Tannenbaum v City of New York* (30 AD3d 357 [1st Dept 2006]) and *Matter of Rattner v Planning Commn. of Vil. of Pleasantville* (156 AD2d 521, 526 [2d Dept 1989], *lv dismissed* 75 NY2d 897 [1990]), granted defendants' motion, noting that, since the amended complaint alleged that the individual defendants were liable for the conduct undertaken in their official capacities, such claims had to be dismissed where they were not specifically named in the notice of claim.

The dissent would now reinstate the state law claims against the individual defendants, contending that the failure to specifically identify the police officers in the notice of claim is not a condition precedent to commencing an action against them. In order to reach this result, the dissent rejects our holdings in *Tannenbaum* and *Cleghorne v City of New York* (99 AD3d 443, 446 [1st Dept 2012]) and makes an unwarranted interpretation of General Municipal Law § 50-e (1) (b) and (2).

The facts of this case, as well as the precedents cited by the dissent in support of their position, do not warrant a departure from our prior precedents.

The dissent cites *Brown v City of New York* (95 NY2d 389 [2000]) in support of its position. However, *Brown* is not inconsistent with *Tannenbaum*. The issue in *Brown* concerned the adequacy of the notice of claim in a trip and fall personal injury case. The plaintiff's notice of claim alleged that he sustained injuries "after tripping on a broken and defective portion of *sidewalk* and curb, located on West 33rd Street, approximately 65 feet and 7 inches south of the southwest corner of Mermaid Avenue and West 33rd Street, and 8 feet and 4 inches east from the lot line on the west side of West 33rd Street" (*id.* at 391). The photographs accompanying the notice of claim referenced the "*aforesaid defective sidewalk* and curb" (*id.* at 392) and each contained a circle drawn around the curb and a small section of the sidewalk. The plaintiff testified at his 50-h hearing, deposition and trial, that he fell on the sidewalk and never reached the curb. The defendant City had prior written notice of the sidewalk condition but not the alleged defects in the curb.

After a verdict in favor of the plaintiff, wherein the jury specifically found he had fallen on the sidewalk, the City moved to set aside the verdict alleging, inter alia, that the notice of claim was defective because the photos had circled the curb, not the sidewalk. The trial court agreed and the Second Department affirmed. The Court of Appeals reversed.

The Court held that "[t]he test of the sufficiency of a Notice of Claim is merely 'whether it includes information sufficient to enable the city to investigate. Nothing more may be required' " (95 NY2d at 393 [internal quotation marks omitted]). The Court further stated that a court reviewing the sufficiency of a notice of claim "should focus on the purpose served by a Notice of Claim: whether based on the claimant's description municipal authorities can locate the place, fix the time and understand the nature of the accident" (*id.*). The plaintiff's repeated references in the notice of claim were sufficient to put the City on notice that it was not only the curb, but the adjacent sidewalk that caused his injuries, giving it sufficient notice to commence and timely investigate the allegations and assess its liability. On particular note in *Brown* is the fact that no individual defendants were named in the action.

The reasoning in *Pierce v Hickey* (129 AD3d 1287 [3d Dept 2015]), cited by the dissent, is neither applicable to the facts of our case, nor persuasive in its own right. The defendant Hickey

was a machine equipment operator employed by the defendant County of Schoharie. On the day of the incident in question, he was tasked with transporting open containers of storm debris, collected as part of the cleanup after Tropical Storm Lee, from a DPW garage to a disposal station. As the plaintiff's vehicle approached his truck from the opposite direction, Hickey, looking in his side view mirrors, noticed debris, including building material, was strewn across the highway. As the plaintiff passed Hickey's truck, a large piece of wood struck her as it flew through her open driver's side window, causing her to sustain injury. Plaintiff filed a notice of claim against the county but did not individually name Hickey as a defendant. Subsequently, she commenced a personal injury action against Hickey individually and the county. Hickey moved to dismiss on the ground that he had not been named in the notice of claim.

The Third Department affirmed the motion court's denial of Hickey's motion, holding that "plaintiff was not required to individually list Hickey on the underlying notice of claim" (129 AD3d at 1288). As relevant to our case, the Court held that General Municipal Law § 50-e (2) does not require that an individual municipal employee be named in the notice of claim, reasoning that "the purpose underlying the notice of claim requirement—to provide a municipality with sufficient information to enable it to promptly investigate the subject claim and ascertain its potential exposure to liability (*see Brown v City of New York*, 95 NY2d 389, 394 [2000])—'may be served without requiring a plaintiff to name the individual agents, officers or employees in the notice of claim' (*Goodwin v Pretorius*, 105 AD3d 207, 216 [2013])" (*Pierce* at 1289).

This is not the situation before us. Indeed, in *Pierce*, the plaintiff knew the name of the individual who was the driving the truck from the outset of the case. No reason was given as to why he was not named in the notice of claim, either at the time it was originally filed, or in a timely filed amended notice of claim. Nevertheless, the county defendant was able to promptly investigate and evaluate the claim as well as its employee's conduct. The Court obviously arrived at its decision relying on the rationale set forth in *Goodwin*, because, as discussed above, *Brown* does not require such a result.

*Goodwin* is also distinguishable from our case. *Goodwin* involved a medical malpractice claim against a county medical facility. The notice of claim named the medical facility as the sole defendant. An action was subsequently commenced against the medical center and five named employee medical providers,

who subsequently moved to dismiss on the ground that they had not been named in the notice of claim. The motion court denied the motion and the Appellate Division, Fourth Department affirmed.

The Court reasoned that, in a medical malpractice action, it is difficult to identify, let alone name, particular defendants within the 90-day time frame to file a notice of claim. It overruled its prior decision in *Rew v County of Niagara* (73 AD3d 1463, 1464 [2010]) to the extent that it required *service* of a notice of claim upon individual defendants, which the defendants conceded and which is not an issue here. The Court also traced the precedents requiring that individual defendants be named in a notice of claim back to *White v Averill Park Cent. School Dist.* (195 Misc 2d 409, 411 [Sup Ct, Rensselaer County 2003]), noting that the court in *White* cited no precedent for its conclusion. The *Goodwin* Court acknowledged our decision in *Tannenbaum* and numerous other state and federal decisions which held that the failure of a plaintiff to name individual defendants in a notice of claim required dismissal of a subsequent action against them. It also acknowledged that "[w]here the governmental entity would be required to indemnify the individual employees named in a lawsuit, that governmental entity must be afforded the same opportunity to investigate the claim[ ] made against the individuals" (105 AD3d at 212). Nevertheless, the Court held that specific individual municipal employees need not be named in a notice of claim as a condition precedent to commencing an action against them. It did not explain how a municipality can undertake an adequate and timely investigation of the "claim made against the individuals" where those individuals are not named in a notice of claim, but rather become defendants in an action commenced at a much later date, some, as in our case, named in an amended complaint filed long after the incident occurred. The problems with attempting to conduct such an investigation and assess the merits of the claims against the individual defendants, as required by *Brown*, are manifest, as will be discussed herein.

Of further note is the *Goodwin* Court's discussion regarding service of a notice of claim upon municipal employees, which the dissent adopts in its writing. The *Goodwin* Court attempted to buttress its argument by noting, correctly, that General Municipal Law § 50-e (1) (b) provides that service of a notice of claim upon the employee is not a condition precedent to commencing an action against that employee if the municipality has been served with a proper notice of claim. The Court reasoned that the legislature, by obviating the need for service,

could easily have made the naming of individuals in a notice of claim a requirement and, since it did not, it must have intended that they need not be named. This of course, leads to the question: how can service of the notice of claim upon the municipality be sufficient service upon an individual not named in such notice? Since the statute waives the requirement of *service* on the individual employee of the municipality, does it not reasonably follow that one must be named in the notice of claim, for service upon the municipality to constitute service on that individual? The *Goodwin* Court and the dissent are silent in this regard. In fact, the statute only excuses *failure to serve* the notice of claim on an individual defendant; it does not condone the *failure to name* him or her (*see DC v Valley Cent. Sch. Dist.*, 2011 WL 3480389, *2, 2011 US Dist LEXIS 90260, *7 [SD NY, June 29, 2011, No. 7:09-cv-9036 (WWE)]).

Far more compelling than *Pierce* or *Goodwin* is the reasoning in *White*. There, the plaintiff brought an action against a school district and some of its employees to recover damages for a student-on-student hazing incident. A notice of claim had only been filed against the school district. The individual defendants (coaches, athletic director, principal, superintendent and assistant superintendent) moved to dismiss the complaint against them on the ground that they were not named in the notice of claim. As with our case, the complaint in *White* did not allege any of the individual defendants acted outside of the scope of employment or state a cause of action in their individual capacities, which would thus obviate the need to file a notice of claim. The court correctly reasoned that General Municipal Law § 50-e "makes no provision for directing the notice of claim at one entity and then prosecuting an action against another. It certainly does not authorize actions against individuals who have not been individually named in a notice of claim" (195 Misc 2d at 411). The court also noted the exception as to *service* of the notice of claim upon individual defendants as discussed above, but rejected that as a ground for failure to name the individual defendants.

In assessing the sufficiency of the notice of claim the court in *White* found that it must be "judged by whether it includes enough information to enable the municipality to adequately investigate the claim," and significantly, to also "assess the merits of the claim" (*id.*). This is consistent with the holding in *Brown*, as well as *Tannenbaum* and its prodigy. The ability to "assess the merits of the claim" is one of the key reasons for the requirement of a notice of claim. The court rejected plaintiff's argument that where a municipality does, in fact,

conduct an investigation that may involve some of the individuals later named in the action, the requirements of General Municipal Law § 50-e will be met. Notably, this very argument is made by the dissent in stating that "in cases of alleged false arrest, it would appear that the municipal defendant is uniquely positioned to know the facts of any such claim—at a minimum, which officers were on duty and in the vicinity." The same argument holds true for a plaintiff: he or she, during the course of the criminal proceedings leading up to a dismissal of any charges would know, at a minimum, the names and badge numbers of the arresting officers, thus making it simple to name those officers in a notice of claim. Indeed, at a bare minimum, the notice of claim must use the "Police Officer John Doe" or similar language, such as used in the complaint herein, to put the municipality on notice that its employees will be sued in their personal capacities, thus meeting the statute's notice requirements. The *White* court properly held that the municipality's "efforts to investigate the plaintiffs' claims cannot serve as a substitute for compliance with . . . § 50-e. Similarly, the fact that the individuals' liability would be covered by the school district cannot supplement an inadequate notice of claim." (195 Misc 2d at 412.)

Unlike the prior cases discussed herein, *Tannenbaum* involved claims similar to those presented in the case before us, and considered the concerns raised by the dissent. The plaintiff was arrested in January 1999. After filing a notice of claim naming, inter alia, the City of New York and an individual NYPD detective who was involved in his case, he commenced an action in December 1999 against those defendants. In February 2000, the plaintiff was acquitted of all charges and he filed a second notice of claim against the City, the NYPD, and the same detective. He also added as defendants Bronx County District Attorney Johnson and a named Bronx County Assistant District Attorney (ADA). In January 2001, the plaintiff commenced a second action against those defendants. He subsequently amended his complaint in the second action to add as defendants two additional Bronx County ADAs (the prosecutor defendants) who were not named in either notice of claim. Ultimately, the prosecutor defendants moved to dismiss the amended complaint on the ground, inter alia, that the plaintiff had failed to name them in the notice of claim. The motion court granted the motion and, citing *White* and *Rattner*, we affirmed that portion of the decision with respect to the dismissal of the state law claims against the prosecutor defendants (*Tannenbaum* at 358).

Underlying our decision in *Tannenbaum* was the purpose of

requiring a notice of claim as a precondition to commencing a suit against a municipality, which is, as stated by the *Brown* Court, "[t]o enable [the] authorities to investigate, collect evidence and evaluate the merit of a claim" (95 NY2d at 392). Certainly, the City was provided with the information necessary to investigate and evaluate the claims against the named defendants in *Tannenbaum*'s second notice of claim. However, the commencement of an action over 11 months after a notice of claim had been filed, against two additional ADAs, who were entitled to indemnification from the City (Administrative Code of the City of New York § 7-110; General Municipal Law § 50-k), deprived the City of the opportunity to investigate or assess the potential merit of the claim against them. This, of course, defeats the purpose of General Municipal Law § 50-e and does not pass the sufficiency test set forth in *Brown* and we ruled accordingly.

The dissent would now set aside *Tannenbaum* on similar facts. Plaintiffs here did not put the City on notice that it would seek to impose liability upon specific employees of the NYPD. Indeed, as the action progressed, more and more police officers were added as individual defendants, the last of which over three years removed from the incident in question, thus rendering a timely investigation into and assessment of the claims impossible. To permit such a result raises questions of fundamental fairness for the individual defendants, since they were not put on notice, even in a generic way by way of "Police Officer John Doe" or similar language, that they were going to become defendants. Moreover, the prejudice accruing to both the municipal and individual defendants from such a delay is obvious, since memories fade over time, records that could have easily been obtained early on may have been archived, lost or discarded, and witnesses may have relocated, just to name a few of the potential obstacles. Delay in investigating and evaluating a claim defeats the purpose of General Municipal Law § 50-e.

We are not suggesting that we should apply the doctrine of stare decisis in a slavish manner by following precedent which may have become obsolete or overcome by events. We agree with the dissent that in such cases, "we must not be loath to depart from precedent." However, this is not such a case. The rationale set out in *Pierce* and *Goodwin* is not so compelling as to warrant abandonment of our own precedents in *Tannenbaum* and *Cleghorne*, as well as that of the Second Department in *Rattner*. Indeed, at least one Federal Court has affirmatively rejected *Goodwin* in favor of our decision in *Tannenbaum* (*see*

*DiRuzza v Village of Mamaroneck, N.Y.*, 2014 WL 6670101, 2014 US Dist LEXIS 166208 [SD NY, Oct. 6, 2014, No. 14 CV 1776 (VB)]).

The motion court's order should therefore be affirmed.

Mazzarelli, J., concurs in a separate memorandum as follows: I concur, but strictly on constraint of *Tannenbaum v City of New York* (30 AD3d 357 [1st Dept 2006]). While the dissent's argument is compelling that the statutory language in General Municipal Law § 50-e (1) (b) and (2) does not require naming individual municipal actors as a condition precedent to commencing an action against them, this Court has already held that it does. There is no discernible difference between the facts presented here and the facts presented in *Tannenbaum*. Accordingly, I am constrained to affirm.

Richter and Manzanet-Daniels, JJ., dissent in a memorandum by Manzanet-Daniels, J., as follows: The issue in this case is whether the relevant provisions of the General Municipal Law governing the sufficiency of notices of claim oblige a plaintiff to name individual defendants in the notice of claim. I believe that neither the express language of the statute nor our precedent compels this result. I therefore dissent.

Plaintiff alleges that he was falsely arrested on April 30, 2008, at approximately 7:30 p.m. in front of 1459 Wythe Place in the Bronx. He filed a notice of claim against the City and the "New York City Police Department" alleging "[a]ssault, battery, excessive force, police brutality, false imprisonment, false arrest, negligence, abuse of process, violation of Civil Rights, violation of claimant's Civil Rights under 42 USC Section 1983 and negligent retention and hiring, loss of services, loss of earnings and attorneys' fees."

In September 2008, plaintiff commenced the instant action for false arrest, false imprisonment, and malicious prosecution, against the City, the Police Department, and "Police Officer John Doe A/K/A Officer Green and Police Officer John Doe Badge Number 14007." The complaint was amended to add, inter alia, additional defendants Sergeants Keri Thompson and Natel, and Police Officers John Stollenborg and Ryan Weiss.

In September 2013, defendants moved to dismiss the state law claims against the individual defendants pursuant to CPLR 3211 (a) (7), arguing that the individual defendants were not identified in the notice of claim. The court granted the City's motion for summary judgment to the extent it sought dismissal of all claims against the individual defendants, and also, sua sponte, dismissed the action as against the City itself on the ground the City could not be held vicariously liable for the ac-

tions of its individual employees/agents (i.e., police officers) once the action was dismissed as against the individual employees.

On appeal, plaintiff argues that the naming of individual officers in the notice of claim is not mandated by the statute. I am compelled to agree.

Section 50-e (2) of the General Municipal Law, governing the contents of the notice of claim, nowhere requires the naming of individual defendants in the notice of claim. The statute requires only the following to be enumerated: (1) the name and address of each claimant and his or her attorney, if any; (2) the nature of the claim; (3) the time, place and manner in which the claim arose; and (4) an itemization of damages or injuries claimed to have been sustained as far as practicable.

Moreover, the section 50-e notice of claim service requirements make plain that direct service of a notice of claim upon a culpable individual municipal actor is not required. General Municipal Law § 50-e (1) (b), explicitly provides that an individual municipal actor need not be served with a notice of claim as a precondition to commencing a subsequent action against such individual actor. The same subsection provides that a municipality need be served with a notice of claim only if the municipality would be obligated to indemnify a claimant for the alleged tortious actions of the individual actor.

Justice Sweeny's argument that naming of individual actors is required by the statute because the statute dispenses with service upon those actors is circular. One could just as easily make the counterargument that the statute dispenses with service on individual actors because the statute does not require that they be named in the notice of claim.

The Court of Appeals, in construing section 50-e, has stated that the purpose of a notice of claim is to provide the municipality an opportunity to collect sufficient evidence promptly in order to properly assess the merits of a claim (*see Brown v City of New York*, 95 NY2d 389, 393 [2000]). The test of the sufficiency of a notice of claim is merely "whether it includes information sufficient to enable the city to investigate. Nothing more may be required" (*id.* [internal quotation marks and citation omitted]).

In determining whether the requirements of General Municipal Law § 50-e have been met, courts should evaluate "whether based on the claimant's description municipal authorities can locate the place, fix the time and understand the nature of the accident" (*id.*).

In this case, it is not seriously alleged that the failure to

name the individual defendants in the notice of claim hampered the investigation of plaintiff's claim or prevented the municipal defendant from ascertaining the time, place and nature of the accident. Indeed, in cases of alleged false arrest, it would appear that the municipal defendant is uniquely positioned to know the facts of any such claim—at a minimum, which officers were on duty and in the vicinity. These officers are employees of the municipal defendant and presumably available for interviews. Plaintiff, the alleged victim, is in no better position to ascertain the identities of the officers alleged to have used excessive force in falsely arresting him. In many cases, the officer filling out the arrest paperwork is not the officer or officers who actually effectuated the arrest, but one who may have later appeared on the scene.

Justice Sweeny's argument that "John Doe" language in the notice of claim would suffice to put the municipality on notice is difficult to apprehend. "John Doe" language will not enable the municipality to better identify the arresting officers in the unlikely event the City is unaware of their identities. A claim for false arrest, by definition, presupposes that an arrest has been effectuated by one or more members of the department. Having been apprised of the time, place and manner of the claim, the department is in the best position to identify the officers involved.

Justice Sweeny, in reaching his result, relies entirely on the earlier decisions in *Cleghorne v City of New York* (99 AD3d 443, 446 [1st Dept 2012]) and *Tannenbaum v City of New York* (30 AD3d 357, 358 [1st Dept 2006]). *Cleghorne* follows *Tannenbaum* without discussion (indeed, it cites as authority section 50-e, which imposes no such requirement). The decision in *Tannenbaum* is devoid of any reasoning whatsoever, and cites as its sole authority a lower court decision in *White v Averill Park Cent. School Dist.* (195 Misc 2d 409 [Sup Ct, Rensselaer County 2003]). *Tannenbaum*, moreover, involved not the failure to name individual police officers implicated in a false arrest but the failure to name assistant district attorneys in a notice of claim.

The Third and Fourth Departments have recognized the flaw in *Tannenbaum*'s reasoning, and the Fourth Department has explicitly overruled its earlier precedent to the extent it adhered to the flawed rationale of *Tannenbaum*. Our sister courts have reasoned, correctly in my view, that the "underlying purpose of [section 50-e] may be served [i.e., the ability of a municipality to conduct an adequate and timely investigation] without requiring a plaintiff to name the individual agents, of-

ficers or employees in the notice of claim," expressly rejecting the reasoning of prior cases that purported to have imposed such a requirement (*Goodwin v Pretorius*, 105 AD3d 207, 216 [4th Dept 2013]; *see e.g. Pierce v Hickey*, 129 AD3d 1287 [3d Dept 2015]; *Bailey v City of New York*, 79 F Supp 3d 424, 453 [ED NY 2015]; *Chamberlain v City of White Plains*, 986 F Supp 2d 363, 397 [SD NY 2013]). We should do the same.

While I understand concurrences' fidelity to *Tannenbaum*, we must not be loath to depart from precedent where it cannot be reconciled with the plain meaning and purpose of a statute. The decisions in *Tannenbaum* and *Cleghorne* imposed a requirement for notices of claim that went beyond those enumerated by the General Municipal Law. The requirements for notices of claim are in derogation of a plaintiff's rights and must therefore be strictly construed. Certainly, we ought not to impose judicially a requirement that is nowhere to be found in the statute. It is well settled that "where as here the statute describes the particular situations in which it is to apply, an irrefutable inference must be drawn that what is omitted or not included was intended to be omitted or excluded" (*Patrolmen's Benevolent Assn. of City of N.Y. v City of New York*, 41 NY2d 205, 208-209 [1976] [internal quotation marks omitted]).