16-858-cv
DiRuzza v. Lanza

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of March, two thousand seventeen.

PRESENT:  REENA RAGGI,
          DENNY CHIN,
          SUSAN L. CARNEY,
                  *Circuit Judges*.

-----------------------------------------------------------------------

MATTHEW DIRUZZA,
          *Plaintiff-Appellant*,

          v.                                      No. 16-858-cv

DETECTIVE SERGEANT CHARLES LANZA, individually, LIEUTENANT DOMINICK FALCONE, individually, POLICE CHIEF CHRISTOPHER LEAHY, individually, DETECTIVE RICHARD CARROLL, individually,
          *Defendants-Appellees*,

VILLAGE OF MAMARONECK, NEW YORK,
          *Defendant*.

-----------------------------------------------------------------------

APPEARING FOR APPELLANT:          AMY L. BELLANTONI, The Bellantoni Law Firm, LLP, Scarsdale, New York.

APPEARING FOR APPELLEES              MICHAEL A. FRANKEL, Jackson Lewis,
CHARLES LANZA, DOMINICK          P.C., White Plains, New York.
FALCONE, CHRISTOPHER LEAHY:

APPEARING FOR APPELLEE              RICHARD S. FINKEL, Bond, Schoeneck
RICHARD CARROLL:                        & King PLLC, Garden City, New York.

Appeal from a judgment of the United States District Court for the Southern

District of New York (Vincent L. Briccetti, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED,

AND DECREED that the judgment entered on February 24, 2016, is AFFIRMED.

Plaintiff Matthew DiRuzza appeals from the dismissal of his claims against

Richard Carroll, his former partner at the Village of Mamaroneck Police Department, as

well as from an award of summary judgment to other members of that police department

and to the Village of Mamaroneck ("Village Defendants").   DiRuzza alleged violations

of substantive due process, *see* 42 U.S.C. § 1983, and state tort law, stemming from

DiRuzza's romantic involvement with Carroll's estranged wife.   DiRuzza argues that

(1) his failure to name Carroll on a municipal notice-of-claim form did not warrant

dismissal; and (2) the record evidence sufficed to allow a reasonable factfinder to

conclude that the Village Defendants (a) explicitly or implicitly endorsed Carroll's

actions, which (b) shocked the conscience.   We review grants of dismissal or summary

judgment *de novo*.   *See Aegis Ins. Servs., Inc. v. 7 World Trade Co., L.P.*, 737 F.3d 166,

176 (2d Cir. 2013).   As to dismissal, we draw all inferences in the plaintiff's favor and

accept his plausible allegations as true; as to summary judgment, we view all record

evidence in the light most favorable to the non-moving party.   *See id.*   We assume the

2

parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1.      Dismissal of Emotional Distress Claim

DiRuzza challenges the dismissal of his intentional infliction of emotional distress claim on the ground that DiRuzza failed to name Carroll in the requisite pre-suit notice of claim form.[1]   DiRuzza argues that the New York Court of Appeals has not interpreted the relevant statute, *see* N.Y. Gen. Mun. Law § 50-e, to impose an individualized-identification requirement, and that intermediate appellate courts are now divided on that issue.   *Compare Tannenbaum v. City of New York*, 30 A.D.3d 357, 358, 819 N.Y.S.2d 4, 5 (1st Dep't 2006) ("General Municipal Law § 50-e makes unauthorized an action against individuals who have not been named in a notice of claim . . . ."), *and Alvarez v. City of New York*, 134 A.D.3d 599, 601, 22 N.Y.S.3d 362, 363 (1st Dep't 2015) (same), *with Goodwin v. Pretorius*, 105 A.D.3d 207, 215–16, 962 N.Y.S.2d 539, 545–46 (4th Dep't 2013) (declining to follow *Tannenbaum*).   Even if this division precludes us from confidently "predict[ing] how the [New York] Court of Appeals" would construe the statutory obligation, *Schoenefeld v. New York*, 748 F.3d 464, 470 (2d Cir. 2014), we can affirm on the ground that DiRuzza failed to plead a plausible claim for intentional infliction of emotional distress.   *See United States v. Watts*, 786 F.3d 152,

---

[1]   We do not consider DiRuzza's contention, made only in his reply brief, that no notice of claim was required insofar as Carroll acted outside the scope of his employment.   *See McBride v. BIC Consumer Prods. Mfg. Co., Inc.*, 583 F.3d 92, 96 (2d Cir. 2009).   In any event, DiRuzza fails to state a valid intentional infliction claim.

3

161 (2d Cir. 2015) (stating that dismissal can be affirmed on "any ground which finds support in the record, regardless of the ground upon which the trial court relied" (internal quotation marks omitted)).

Under New York law, a claim for intentional infliction of emotional distress must satisfy an "exceedingly high legal standard." *Chanko v. Am. Broad. Cos. Inc.*, 27 N.Y.3d 46, 57, 29 N.Y.S.3d 879, 887 (2016). First, such a tort may be invoked "only as a last resort," that is, only when other theories of tort recovery are unavailable. *Salmon v. Blesser*, 802 F.3d 249, 256–57 (2d Cir. 2015) (collecting cases from each appellate division and observing, as example, that intentional infliction tort may not be pursued where alleged conduct would have been actionable as battery) (internal quotation marks omitted). In any event, a party alleging an intentional infliction claim must plead and prove conduct "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, [so as] to be regarded as atrocious, and utterly intolerable in a civilized community." *Chanko v. Am. Broad. Cos. Inc.*, 27 N.Y.3d at 56, 29 N.Y.S.3d at 886 (internal quotation marks omitted). Actions "likely [to] be considered reprehensible by most people" are not sufficient. *Id.* at 57, 29 N.Y.S.3d at 887. Indeed, the Court of Appeals "ha[s] commented that, of the intentional infliction of emotional distress claims [that it has] considered[,] . . . *every one* has failed because the alleged conduct was not sufficiently outrageous." *Id.* (emphasis in original) (internal quotation marks omitted).

4

Insofar as DiRuzza complains that, after he began dating Carroll's wife, Carroll repeatedly confronted him in a loud and threatening manner, such conduct does not, by itself, rise to the extreme level necessary for intentional infliction. *Compare Owen v. Leventritt*, 174 A.D.2d 471, 471–72, 571 N.Y.S.2d 25, 25–26 (1st Dep't 1991) (noting, in context of verbal death threat, that "[m]ere threats, annoyance or other petty oppressions, no matter how upsetting, are insufficient to constitute the tort of intentional infliction of emotional distress" (citations omitted)), *with Cavallaro v. Pozzi*, 28 A.D.3d 1075, 1078, 814 N.Y.S.2d 462, 465–66 (4th Dep't 2006) (deeming threat to "kill plaintiff and his children" in course of a "deliberate and malicious campaign of harassment or intimidation" sufficiently outrageous to warrant consideration by a jury). While DiRuzza contends that Carroll's conduct was part of such a consistent campaign, he pleads (and the record reveals) only a half dozen instances of harassment over approximately two years. As to the single physical altercation alleged, that conduct was "actionable under state law as a battery," *Salmon v. Blesser*, 802 F.3d at 256, and, therefore, could not be pursued as an intentional infliction of emotional distress claim.

Accordingly, DiRuzza's challenge to the dismissal of his emotional distress claim fails on the merits.[2]

---

[2] We need not address Carroll's further statute of limitations challenge to the intentional infliction claim and the declination of supplemental jurisdiction.

5

2.    Summary Judgment as to the Village Defendants

   a.    No Condonation of Private Misconduct

"As a general matter . . . a State's failure to protect an individual against private violence simply does not constitute a violation of the Due Process Clause." *DeShaney v. Winnebago Cty. Dep't of Soc. Servs.*, 489 U.S. 189, 197 (1989). Due process rights may be implicated, however, where the State assists in creating or increases the danger to the victim by explicitly or implicitly sanctioning the privately inflicted injury. *See Dwares v. City of New York*, 985 F.2d 94, 99 (2d Cir. 1993), *abrogated on other grounds by Leatherman v. Tarrant Cty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 167–68 (1993); *Pena v. DePrisco*, 432 F.3d 98, 111 (2d Cir. 2005).

DiRuzza contends that the Village Defendants implicitly condoned Carroll's harassing and threatening conduct by failing adequately to investigate or appropriately to punish Carroll's conduct. Like the district court, we conclude that the record evidence does not admit an inference of affirmative endorsement of harm. To the contrary, certain of Carroll's actions were held to violate department policy and resulted in his loss of vacation days, and, on one occasion, his assignment to modified duty and surrender of his firearm. While DiRuzza may think greater discipline was warranted, a reasonable jury could not find on this record that the actions taken by the Village defendants implicitly condoned Carroll's actions or increased the danger to DiRuzza. *See Dwares v. City of New York*, 985 F.2d at 99; *Pena v. DePrisco*, 432 F.3d at 114.

6

b.     <u>No Shocking of the Conscience</u>

In any event, DiRuzza fails to show that the conduct alleged by the Village Defendants is so egregious and outrageous as to shock the contemporary conscience—a necessary element of a due process claim even on a theory of state-created danger. *See Pena v. DePrisco*, 432 F.3d at 112. Conscience-shocking behavior must evince intent, or at least recklessness or deliberate indifference, towards the prospect of the plaintiff's injury. *See id.* at 113–14; *Bolmer v. Oliveira*, 594 F.3d 134, 142 (2d Cir. 2010) (stating that "negligently inflicted harm is categorically beneath the threshold of constitutional due process" (internal quotation marks omitted)). For substantially the reasons already stated, there is no dispute of material fact that the police department imposed punishments of increasing severity on Carroll for his harassing conduct. DiRuzza may think that the sanctions should have been harsher—or implemented more rapidly—but this disagreement, at most, demonstrates negligence, which is insufficient to support a due process claim. *See Bolmer v. Oliveira*, 594 F.3d at 142–43.

c.     <u>District Court Did Not Resolve Disputes of Material Fact Against DiRuzza</u>

DiRuzza faults the district court for "making credibility determinations and failing to resolve issues of fact" in his favor. Appellant's Br. 63. The argument merits little discussion because only disputes of *material* fact may defeat summary judgment. *See Aegis Ins. Servs., Inc. v. 7 World Trade Co., L.P.*, 737 F.3d at 176. The factual issues DiRuzza raises relate to the police department's disciplinary responses to *his* conduct, not

7

Carroll's conduct, and therefore are not material. Accordingly, summary judgment was correctly granted to the Village Defendants.

3.      Conclusion

We have considered DiRuzza's other arguments and conclude that they are without merit. Accordingly, we AFFIRM the judgment of the district court.

                        FOR THE COURT:
                        Catherine O'Hagan Wolfe, Clerk of Court