Wiggins v City of New York (2021 NY Slip Op 06335)





Wiggins v City of New York


2021 NY Slip Op 06335


Decided on November 16, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 16, 2021
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Judith Gische
Peter H. Moulton Lizbeth González Tanya R. Kennedy Saliann Scarpulla


Index No. 152665/19 Appeal No. 14351 Case No. 2021-00463 

[*1]Reginald Wiggins, Plaintiff-Appellant,
v
The City of New York et al., Defendants-Respondents. 



Plaintiff appeals from an order of the Supreme Court, New York County (Dakota D. Ramseur, J.), entered on or about August 10, 2020, which, to the extent appealed from as limited by the briefs, granted defendant the City of New York's motion to dismiss the complaint as against the individual New York Police Department defendants for failure to comply with General Municipal Law § 50-e.




Rosenbaum & Rosenbaum, P.C., New York (Mark W. Walsh of counsel), for appellant.
Georgia M. Pestana, Corporation Counsel, New York (Daniel Matza-Brown and Anna Gottlieb of counsel), for respondents.



SCARPULLA, J. 


This appeal stems from plaintiff Reginald Wiggins's arrest on May 28, 2008, at age 16, in connection with a shooting that took place on May 24, 2008. Prior to plaintiff's arrest, witnesses positively identified a different suspect, who was ultimately prosecuted for the shooting, and subsequent to plaintiff's arrest, witnesses failed to identify plaintiff in a lineup. Nevertheless, plaintiff was incarcerated for six years at Rikers Island pending a criminal trial. Approximately three of the six years were spent in solitary confinement. On September 23, 2014, plaintiff pleaded guilty to manslaughter in the first degree and received a 12-year sentence. The Court of Appeals, on February 15, 2018, overturned plaintiff's conviction, holding that his constitutional right to a speedy trial had been violated, and plaintiff was released.
On March 16, 2018, plaintiff filed a notice of claim against defendant City of New York, asserting causes of action for false arrest and imprisonment; negligent performance of police duties; negligent training, supervision, discipline, and retention of New York City Police Officers; violation of his rights under the New York State Constitution, including the right to a speedy trial; assault; and excessive force. Plaintiff alleged, among other things, that while in solitary confinement at Rikers Island, he was treated inhumanely by officers who deprived him of meals and denied him showers and recreation time. He also alleged that during many of the 75 times that he appeared in New York Supreme Court, he was forced to wear mittens, shackles, and waist chains.
On March 13, 2019, plaintiff sued the City of New York, together with named and unnamed employees of the New York Police Department (the NYPD defendants), and asserted causes of action for false arrest, malicious prosecution and respondeat superior. The City moved to dismiss plaintiff's complaint against the NYPD defendants, arguing that plaintiff failed to satisfy General Municipal Law § 50-e because he did not serve a notice of claim that named the NYPD defendants or John/Jane Doe placeholders on or before May 16, 2018. Supreme Court granted the City's motion and dismissed the complaint against the NYPD defendants. The court noted that "[f]ailing to examine the merits of [p]laintiff's claim here risks perpetuating the faults of a system which already failed him once." However[*2], the court found that it was nonetheless "constrained by precedent to find that [p]laintiff's failure to name the Detectives in the Notice of Claim merits dismissal against them."
Indeed, our prior decisions do hold that, as a prerequisite to suing individual municipal employee defendants pursuant to General Municipal Law § 50-e, employee defendants must be named in a notice of claim (see Alvarez v City of New York, 134 AD3d 599, 606-607 [1st Dept 2015] [Sweeney, J., concurring]; Cleghorne v City of New York, 99 AD3d 443, 446 [1st Dept 2012]; Tannenbaum v City of New York, 30 AD3d 357, 358 [1st Dept 2006]). Tannenbaum involved the failure to name assistant district attorneys in a notice of claim. We dismissed the claims against the district attorneys, citing a lower court decision and concluding, without discussion, that actions against individuals who have not been named in a notice of claim are not authorized under General Municipal Law § 50-e (id. at 358). Cleghorne, an action stemming from a teacher's alleged exposure to allergens in a school building, cites to Tannenbaum in finding, again without discussion, that the action must be dismissed against the individual defendants because they were not named in the notice of claim (Cleghorne, 99 AD3d at 446).
Like this action, our most recent precedent, Alvarez, involved a plaintiff arrested in a criminal matter who filed a notice of claim alleging, inter alia, assault, excessive force, police brutality and false imprisonment. The plaintiff in Alvarez also omitted from the notice of claim names of individual NYPD officers (Alvarez, 134 AD3d at 599-600). The plurality in Alvarez, after distinguishing contrary decisions from other departments and citing to the same nonbinding lower court case relied upon in Tannenbaum, dismissed the action against the NYPD employees, finding that the plaintiff did not put the City on notice that he would seek to hold specific NYPD employees liable as they were not named in the notice of claim (id. at 606).
As recognized by the dissent in Alvarez, the Third and Fourth Departments have deemed Tannenbaum's reasoning flawed (see Goodwin v Pretorius, 105 AD3d 207, 215 [4th Dept 2013] [holding that courts "misapplied or misunderstood the law in creating, by judicial fiat, a requirement for notices of claim that goes beyond those requirements set forth in the statute"]); Pierce v Hickey, 129 AD3d 1287, 1288-1289 [3d Dept 2015], lv dismissed 30 NY3d 933 [2017].
Moreover, since Alvarez, the Second Department has joined the Third and Fourth Departments in holding that General Municipal Law § 50-e does not mandate the naming of individual municipal employee defendants in the notice of claim (see Blake v City of New York, 148 AD3d 1101, 1106 [2d Dept 2017] ["[l]isting the names of the individuals who allegedly committed the wrongdoing is not required"]). Thus, if we continue to uphold our precedents on actions against municipalities in which individual municipal employees [*3]were not named in the notice of claim, it creates an anomalous situation in that every court in the state — except the courts in the First Department — could make decisions on the merits regarding the individual employees. Here in the First Department, our prerequisite rule would preclude merits-based determinations against such individuals. Upon additional review of the reasoning of our own precedents, the reasoning of Blake and other relevant decisions of our sister departments, and reexamination of General Municipal Law § 50-e (2), we now join our sister departments in holding that § 50-e does not mandate the naming of individual municipal employees in a notice of claim.
General Municipal Law § 50-e (2) requires a notice of claim to contain the following:
"(1) the name and post-office address of each claimant, and of his attorney, if any; (2) the nature of the claim; (3) the time when, the place where and the manner in which the claim arose; and (4) the items of damage or injuries claimed to have been sustained so far as then practicable."
The plain language of this statute does not include a requirement that the claimant name individual municipal employees. Our precedents requiring the naming of particular municipal employees in the notice of claim were based solely on our interpretation of the statute, not on the statute itself.
Further, it is well settled that a notice of claim is sufficient so long as it includes enough information to enable the municipal defendant to investigate a plaintiff's allegations, and "[n]othing more may be required" (Brown v City of New York, 95 NY2d 389, 393 [2000], lv dismissed 96 NY2d 936 [2001]). Providing the municipal defendant with the statutorily required elements of the nature of the claim, the time, place and manner in which the claim arose, and the alleged injury, without additionally naming the individual municipal employees involved, does not prevent the municipal defendant from adequately investigating the claim. Armed with the statutorily required information, the municipal defendant is in at least as good a position as the plaintiff to identify and interview the individual municipal employees involved in the claim.
Although stare decisis is an important doctrine that furthers predictability in the law and assures the public that court decisions are based on "a continuum of legal principle rather than the personal caprice of [individual judges]," a decision may still be overruled for a "compelling" reason (see People v Peque, 22 NY3d 168, 194 [2013], cert denied 574 US 840 [2014]; see also Brooke S.B. v Elizabeth A.C.C., 28 NY3d 1, 23 [2016]). One such compelling reason is where a rule or requirement ceases to be just or cannot "withstand the cold light of logic and experience" (Peque, 22 NY3d at 194 [internal quotation marks omitted]). Another compelling reason to overrule precedent is where a law has been "misunderstood or misapplied" (Kash v Jewish Home & Infirmary of Rochester, NY, [*4]Inc, 61 AD3d 146, 150 [2009]).
Alvarez, Tannenbaum and Cleghorne imposed a notice of claim requirement — that is, naming of individual municipal employees — that is not found in the statute. Thus, adherence to these precedents perpetuates a misunderstanding or misapplication of the statute and results in an illogical and unfair rule. Accordingly, these cases' holdings, that General Municipal Law § 50-e precludes an action against municipal employees who were unnamed in the notice of claim, should no longer be followed.
Here, plaintiff's notice of claim, viewed without the constraint of our aforementioned precedents, clearly comported with the statutory requirements of § 50-e and was sufficient.
Accordingly, the order of the Supreme Court, New York County (Dakota D. Ramseur, J.), entered on or about August 10, 2020, which, to the extent appealed from as limited by the briefs, granted defendant City of New York's motion to dismiss the complaint as against the individual New York Police Department defendants for failure to comply with General Municipal Law § 50-e, should be reversed, on the law, and the motion to dismiss denied, without costs.
Order, Supreme Court, New York County (Dakota D. Ramseur, J.), entered on or about August 10, 2020, reversed, on the law, and the motion to dismiss denied, without costs.
Opinion by Scarpulla J., All concur.
Gische, J.P., Moulton, González, Kennedy, Scarpulla, JJ.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 16, 2021